# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE ARGUMENT STATEMENT (Amended FORM C)

| 1. SEE NOTICE ON REVERSE. | 2. PLEASE TYPE OR PRINT. | 3. STAPLE ALL ADDITIONAL PAGES |
|---|---|---|

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Mohammed Sohel Akhtar, a/k/a Mohammed John Akhtar, and La Buca Restaurant, Inc., d/b/a Swing 46 Jazz and Supper Club;<br>    Appellants<br>    v.<br>Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric M. | US Dist. So. Dist. of N.Y. | Hon. Melissa G.L. Clarke, |

| Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|
| 08/19/2024 & 03/23/2026 | 23-cv-06585 |

| Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|
| April 21, 2026 | Yes    ✔ No |

| Attorney(s) for Appellant(s):<br>✔ Plaintiff<br>Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E mail:<br><br>Anthony N. Iannarelli Jr.  212-381-6098  No fax   email: anilaw2@gmail.com<br>74 Lafayette Ave., Suite 202 #116<br>Suffern, New York 10901 |
|---|---|
| Attorney(s) for Appellee(s):<br>Plaintiff<br>✔ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E mail:<br><br>Eric M. Eisenberg, Attorney Pro se,   646-801-6705  Fax: unknown  E-mail: ericnoise@hotmail.com   ericols@gmail.com<br>454 W. 46th Street, New York, NY 10036<br><br>Hon. Steven Banks, N.Y.C. Corporation Counsel.   212-356-1000  Fax: Unknown      serviceecf@law.nyc.gov<br>100 Church Street., Ste. 5-166<br>New York, NY. 10007 |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously?  ✔ Yes    No |
|---|---|---|---|
| None | n/a | n/a | If Yes, provide the following:<br><br>Case Name:   Mohamed John Akhtar et al v. Eric Adams<br><br>2d Cir. Docket No.:   Reporter Citation: (i.e., F.3d or Fed. App.)<br>24-2370                   none |

**ADDENDUM A :** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

**ADDENDUM B :** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| U.S. a party        Diversity<br><br>✔ Federal question        Other (specify):<br>    (U.S. not a party)           _____ | ✔ Final Decision        Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br><br>Interlocutory Decision Appealable As of Right        Other (specify): _____ |

## IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**

✓ Pre trial
During trial
After trial

**2. Type of Judgment/Order Appealed**

Default judgment
✓ Dismissal/FRCP 12(b)(1)
  lack of subj. matter juris.
✓ Dismissal/FRCP 12(b)(6)
  failure to state a claim
Dismissal/28 U.S.C. § 1915(e)(2)
  frivolous complaint
Dismissal/28 U.S.C. § 1915(e)(2)
  other dismissal

✓ Dismissal/other jurisdiction
Dismissal/merit
Judgment / Decision of the Court
Summary judgment
Declaratory judgment
Jury verdict
Judgment NOV
Directed verdict
Other (specify):

**3. Relief**

✓ Damages:
✓ Sought: $ 1,000,000
Granted: $ _____
Denied: $ _____

Injunctions:
Preliminary
Permanent
Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**

Antitrust
Bankruptcy
Banks/Banking
✓ Civil Rights
Commerce,
Energy
Commodities
✓ Other (specify): U.S. Constitution & Pendent

Communications
Consumer Protection
Copyright  Patent
Trademark
Election
Soc. Security
Environmental

Freedom of Information Act
Immigration
Labor
OSHA
Securities
Tax

**2. Torts**

Admiralty/
Maritime
Assault /
Defamation
FELA
Products Liability
Other (Specify):

**3. Contracts**

Admiralty/
Maritime
Arbitration
Commercial
Employment
Insurance
Negotiable
Instruments
Other Specify

**4. Prisoner Petitions**

Civil Rights
Habeas Corpus
Mandamus
Parole
Vacate Sentence
Other

**5. Other**

Forfeiture/Penalty
Real Property _____
Treaty (specify): _____
Other (specify): _____

**6. General**

Arbitration
Attorney Disqualification
Class Action
Counsel Fees
Shareholder Derivative
Transfer

**7. Will appeal raise constitutional issue(s)?**
Yes     No

Will appeal raise a matter of first impression?

Yes     No

---

1. Is any matter relative to this appeal still pending below? Yes, specify: _____ ✓ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)  Arises from substantially the same case or controversy as this appeal?     Yes     ✓ No

   (B)  Involves an issue that is substantially similar or related to an issue in this appeal?     Yes     ✓ No

If yes, state whether  A, or  B, or  both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| n/a | | | |

Name of Appellant:

| Date: 05/10/2025 | Signature of Counsel of Record |
|---|---|

## NOTICE TO COUNSEL

Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:

1. Complete this Civil Appeal Pre Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED. *SEE* LOCAL RULE 12.1.

# Index of Attachements

|  | Page |
|---|---|
| Addendeum A | 4 |
| Addendeum B | 23 |
| Notice of Appeal | 32 |
| District Court Orders Dismissing Complaints | 35 |
| District Court Docket Sheet | 44 |

# Addendum A

<u>Addendum A</u>

<u>Mohammed Sohel Akhtar et al. v. Eric Adams et al.,</u>

Appeals Court Doc. No. 26-1096
Disrict Court Doc. No. 23-cv-06585

1. <u>A brief description of the nature of the action</u>

a.) This case is an appeal of a final Order of dismissal of Appellants' case again all Appellee defendants with prejudice. Appellants having charged, *inter alia*, constitutional and federal civil rights' statutory violations, along with pendent state court causes of action. The case was decided on the pleadings, and while it proceeded for almost three years, Appellants did not have the benefit of conducting discovery.

Early in the case the district granted a defense motion for a stay of discovery pending decision on Appellees' dispositive motions. That stay prevented Appellants from verifying additional facts supporting their causes of action; however, Appellants provided more than adequate facts, often supported by sworn statements from actual witnesses, to defeat a dismissal on the pleadings.

Appellant Mohammed Sohel Akhtar is the owner of appellant La Buca Restaurant, d/b/a Swing 46 Club (Swing 46). Appellant Akhtar, a person of color and a Muslim, immigrated from the Country of Bangladesh, and became a United States citizen. He created the business, Swing 46, almost thirty years ago that provided live entertainment and dinner to patrons.

4

Appellant Akhtar provided employment to entertainers and restaurant staff; Swing 46 was an entertainment icon, preserving American jazz, big band, and swing dance, in the heart of the Restaurant Row District on West 46th Street in Manhattan.

In December 25, 2025 the business was forced to close. Like many Manhattan businesses post-Covid, Appellant Swing struggled to survive, but ultimately fell victim to harassment and an ill devised, and misused, noise control measure, perpetrated by naive, and in some cases corrupt government officials.

Among the Appellees are Eric Adams, (then) Mayor of the City of New York, Rohit T. Aggarwala, who at the time held a mayoral position as Commissioner of the New York City environmental protection agency, and the Department of Environmental Protection itself. The foregoing Appellees had been collectively referred to as the NYC Defendants in the case below.

In addition to John and Jane Does, an individual that, while not a New York City employee, but acting as its agent or servant, was identified as Eric M. Eisenberg. Appellee Eisenberg while *pro se*, is, and was all times relevant, an Attorney at Law of New York with a listed office address and residence on West 46th Street, Manhattan. As will be further explained below, Appellee Eisenberg's location, while on West 46th Street, was well beyond hearing range from music of Appellants' Swing

46 establishment.

As the district court was advised in Appellant's opposition pleadings, it was in and about late 2022 and early 2023 when Appellee Eisenberg began to make his presence known at Appellant Akhtar's establishment, Swing 46. Appellee Eisenberg would trespass upon Appellant Swing 46 premises, enter a porch area reserved for employees and dining patrons that had been seated, and place what appeared to be a cell phone against outdoor speakers.

Appellee Eisenberg was observed by witnesses doing this on numerous occasions, and each time he would be told by staff to leave, only to return again and repeat the same behaviors. On at least one occasion, patrons complained that Appellee Eisenberg reached over their table while they were dining to gain access to the Appellant Swing 46's speakers playing live music.

Several times when confronted by staff, Appellee Eisenberg would claim he was collecting evidence for noise complaints. Eisenberg's conduct became more sinister, with repeated trespassing and disruptive behavior while Appellant Akhtar was struggling to operate his entertainment business.

Appellee Eisenberg would appear on other occasions just to engage in harassing behavior. In a statement to the *New York Post*, dated August 5, 2023, just barely a month after Appellants' filed suit, Appellee

6

Eisenberg, besides admitting to issuing summons and collecting "bounty" money, he referred to Swing 46 as a "bad neighbor." Swing 46 was not a neighbor of Appellant Eisenberg, rather, he resided several long city blocks away, well out of earshot of Swing 46's live music.

In that same *New York Post* article, Appellee Aggarwala, the former environmental protection commissioner, stated "... people are abusing the system to <u>terrorize</u> local businesses...." (emphasis added) While Appellee Aggarwala assessment that Swing 46 was being terrorized was correct, his promise for reform did nothing to deter Appellee Esisenberg.

Had the district court allowed depositions, more could have been learned over what reforms were put in place; nonetheless, it was an admission by Appellee Aggarwala he was aware there was serious problems given he use the term "terrorize local businesses" to acknowledge the situation Appellants were enduring.

Oddly enough, Appellee Eisenberg filed a motion in district court to have Appellants sanctioned, and in support of that motion provided his own video footage of himself loitering and being disruptive outside the Appellant Swing 46's premises, and refusing requests to leave. The district court denied the motion for sanctions, but an actual record substantiated how Appellee Eisenberg had been loitering outside the Swing 46 location, along with refusing to leave in spite of repeated demands to do so.

7

That evidence, and the accompanying decision, are now part of the record below and could have provided a trier of fact an opportunity to observe what Appellant Akhtar and staff had endured. See, Order of Magistrate Judge Valerie Figueredo, dated March 26, 2025, attached herein.

Using such a motion to have Appellants sanctioned for Appellee Eiseberg's own behavior being bizarre enough, what made it more disturbing is the incident occurred while Appellant's case against him for similar behavior was ongoing. Even in the face of a federal lawsuit, filed in July 2023, Appellee Eisenberg could not be dissuaded from staying away from Swing 46 and leaving the proprietor, Appellant Akhtar, and staff alone.

Indeed, Appellee Eisenberg had not been deterred the slightest bit. He engaged in multiple filings in an attempt to weaponize the judicial system to his advantage, and, putting it mildly, exhausting Appellants. This occurred in the very Court where Appellants were seeking relief from Appellee Eisenberg's conduct.

As Magistrate Judge Figuerdo noted, "[I]n the last 26 days...Defendant Eisenberg has filed 15 letters or motions on the docket." The Court made an additional finding that on "several occassions...Defendant has filed multiple filings in a single day." See Order of Magistrate Judge Valerie Figueredo, dated March 27, 2025,

attached herein. The Court also noted the fillings included a "meritless motion to compel Plaintiffs' counsel to withdraw..." id.

The Court concluded that: "...Defendant, who is a practicing attorney...has unreasonbably contined to fight service of the amended complaint...and attempting to invoke the Court's jurisdiction...to compel and for sanctions." id.

The conduct as noted by the Court, was not, in one form or another, isolated incidents that Appellants had to endure as litigants. In of all places this occurred in a United States District Court. Moreover, the findings were not made upon the "mere" testimony of Appellant's witnesses, but rather by a magistrate judge's own observations.

It is a very sad state of affairs that Appellant Akhtar, for whatever reason, could be subjected to these abusive litigation practices in a Court of the United States America. Appellee Eisenberg's repeated, unbridled behaviors as a *pro se* litigant only added to what Appellant Akhtar had to endure. It is not unreasonable for him to believe he will never be afforded the same rights as other citizens in federal court.

Appellant beliefs are not unjustified. One would be hard pressed to find another example, in either state or federal court, where an attorney makes 15 docket filings in 26 days, multiple filings in a single day, and provides video footage of himself engaging in abusive behavior, similar to that behavior charged in Appellants' complaint, all while the case is

9

ongoing in the United States District Court for the Southern District of New York.

But that was only one example of behavior occurring in barely a month's time period. Consideration must be given to the fact what Appellant had to endure over a three year period while awaiting trial. A trial that ultimately never came about.

It is a sad commentary on the state of equal justice in the United States for a citizen, who fits within a category of a "minority among minorities," that is, an immigrant from Bangladesh, a longtime citizen, a person of color, a Muslim, who was faulted, in Appellee Eisenberg own words as a "bad neighbor," and attacked for running a business in the City of New York, while providing employment for many, and preserving a struggling American tradition of jazz, big band music, and swing dance for the enjoyment of others.

Order of U.S. Magistrate Judge Valerie Figuerdo

Dated March 26, 2025

7a

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

MOHAMED JOHN AKHTAR AND LA BUCA
RESTAURANT, INC.,

                  Plaintiffs,          **23-CV-06585 (JGLC) (VF)**

        -against-                    **ORDER**

ROHIT AGGARWALA et al.,

                  Defendants.
-------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On March 24, 2025, Defendant Eric M. Eisenberg filed a motion requesting that the Court direct Plaintiffs "to cease and desist from harassment, intimidation, disrespect, discourtesy, violence, and threats of violence towards" Defendant, and that the Court "impose monetary and non-monetary sanctions against Plaintiffs." ECF No. 162 at 1. Defendant appears to be seeking a cease-and-desist order, barring Plaintiff from engaging in certain conduct, such as verbally communicating with Defendant, even when Defendant is on or near the premises of Plaintiff restaurant, La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club. Id.

As depicted in what appear to be cellphone videos submitted by Defendant, Defendant complains of verbal conduct that can generally be characterized as use of profanities and taunting. ECF 162-1 at ¶¶ 2, 3, 5. Defendant therefore asks the Court for an order prohibiting speech. "Injunctions prohibiting speech are . . . disfavored because they impose a prior restraint on speech, and a prior restraint carries with it 'a heavy presumption against its constitutional validity.'" Gaming Mktg. Sols., Inc. v. Cross, No. 07-CV-4624 (RJS), 2008 WL 858183, at *5 (S.D.N.Y. Apr. 1, 2008) (quoting Metro. Opera Ass'n, Inc. v. Local 100, Hotel Empls. And Rest. Empls. Int'l Union, 239 F.3d 172, 176 (2d Cir. 2001). While extraordinary circumstances, such

as intimidation or coercion, may warrant a restraint on speech, "current First Amendment principles may [still] prohibit granting an injunction even when [intimidation and coercion] are present." Metro. Opera Ass'n, Inc., 239 F.3d at 177. In any event, the Court is not persuaded by Defendant's videos that Plaintiffs' verbal conduct amounted to intimidation or coercion sufficient to warrant a prior restraint on speech.

Moreover, it is worth noting that the conduct Defendant points to occurred in response to Defendant loitering outside of Swing 46 Jazz and Supper Club while taking video footage. See ECF No. 162-1 at ¶¶ 2-5. And in the videos, it appears that Defendant ignored requests for him to leave. Id. In short, there is no basis on this record for Defendant's request that the Court issue a cease and desist order or that the Court sanction Plaintiffs.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 162.

**SO ORDERED.**

DATED:    New York, New York
          March 26, 2025

VALERIE FIGUEREDO
United States Magistrate Judge

2

Order of U.S. Magistrate Judge Valerie Figuerdo

Dated March 27, 2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

MOHAMED JOHN AKHTAR AND LA BUCA
RESTAURANT, INC.,

                          Plaintiffs,                **23-CV-06585 (JGLC) (VF)**

        -against-                          **ORDER**

ROHIT AGGARWALA et al.,

                          Defendants.
-------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On March 26, 2025, Defendant Eric M. Eisenberg filed a motion for an extension of time

to answer. ECF No. 167. Defendant argues that an extension is warranted for five reasons: (1)

Defendant did not request an extension to respond to the original complaint; (2) Plaintiffs

exhibited dilatory conduct in filing and serving the amended complaint; (3) Defendant's

objection to the Court's order authorizing e-mail service is pending before Judge Clarke; (4)

Defendant is "exhausted, largely due to Plaintiffs' conduct"; and (5) Defendant has "time

consuming work in the patent space" in his capacity as an attorney. Id. at 1-3. It is within the sole

discretion of the Court whether to grant an extension of time. See, e.g., Wood v. Mut.

Redevelopment Houses, Inc., No. 22-CV-9493 (AT) (VF), 2024 WL 4164485, at *3 (S.D.N.Y.

Sept. 12, 2024) (citing Adu Beniako v. Maimonides Med. Ctr., 8 F. App'x 43, 44 (2d Cir. 2001)

(summary order)); see also Winkler-Koch Eng'g Co. v. Universal Oil Prods. Co. (Del.), 79 F.

Supp. 1013, 1021 (S.D.N.Y. 1947) (denying request for an extension of time to file answer).

In the last 26 days—that is, between March 1, 2025, and the date of this order—

Defendant has filed 15 letters or motions on the docket. See ECF Nos. 134, 136, 137, 139, 150,

152, 154, 155, 157, 158, 160, 162, 166, 167, 171. On several occasions, Defendant has filed

multiple filings in a single day. See, e.g., ECF No. 154, 155, 157. These filings have ranged from a meritless motion to compel Plaintiffs' counsel to withdraw (see ECF Nos. 136, 152, 157, 161) to letters correcting typos in Plaintiffs' filings and pointing out that Plaintiffs' counsel selected the wrong caption for a letter-motion on the Court's electronic case filing system. See, e.g., ECF No. 154 at 2 (noting that Plaintiffs' counsel mistakenly dated a filing "March 20, 2024"); ECF No. 166 (noting that the document description for Plaintiffs' filing at ECF No. 165 inaccurately indicates the filing is a "letter," when it is actually a "letter-motion"). Moreover, Defendant, who is a practicing attorney, (see, e.g., ECF No. 143 at 32; ECF No. 167 at 3), has unreasonably continued to fight service of the amended complaint despite being plainly aware of the action and attempting to invoke the Court's jurisdiction to seek affirmative relief, in the form of a motions to compel and for sanctions (see ECF No. 162).

Defendant's conduct has unnecessarily multiplied this proceeding. At a minimum, Defendant's myriad filings demonstrate that Defendant has ample time to respond to Plaintiffs' amended complaint by **April 9, 2025**. Defendant's request for a 30-day extension is **DENIED**. The Clerk of Court is directed to terminate the motion at ECF No. 167.

**SO ORDERED.**

DATED:      New York, New York
            March 27, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

2

b.) Why Appellee Eisenberg, an attorney who presumably knew better, would engage in such behavior is ultimately a question of fact for a jury to determine. But Appellants' right to have those issues resolved in the court below were denied. As a result, Appellants were denied the right to have the other New York City Appellees held accountable for their actions.

A rule against excessive noise started out with the best of intentions, but soon went awry. Appellees, and specifically Appellee Department of Environmental Protection, and its commissioner Appellee Rohit T. Aggarwala, essentially deputized private citizens, allowing them to act under color of law. As a jury in district court would have learned, they were allowed to collect "noise" through the use cell phones and file complaints based upon, graciously called, less than scientific standards. If sustained, a percentage of the fine money would be granted to the complaining party.

The program, now having been amended to remove the profit factor, operated as a bounty system that became a motivating factor in issuing fraudulent complaints.

Appellants though counsel, and prior to filing suit in the district court, notified authorities in New York City (NYC) government in writing about the fraud occurring within the system. They were warned the program, without adequate monitoring, was ripe for systemic corruption.

17

No one within NYC government bothered to respond to the written correspondence asking for consideration and guidance.

A cottage industry soon grew up around filing false noise complaints. So called "evidence" would be captured by untrained operators using nothing more than a cell phone as a sound collection devise. They would cheat the system by placing cell phone against speakers, or business windows, that would amplify sound. There was virtually no supervision.

It was not long before word got out that, besides money being made through false noise complaints, money could also be made by making fines "go away." The *New York Post* again went back to the subject matter on September 14, 2024 reporting that a brother of a ranking official in the administration of Appellee [then ] Mayor Eric Adams, was engaged in such a scheme. As reported, a witness, actually a bar owner in Brooklyn, New York, came forward to complain he was being extorted to make a payments to fix, for a sum of money, what he owed the City of New York over noise complaints.

This become a subject, among other issues, of a federal inquiry that was ultimately shut down under orders from Washington. While this resulted in the resignation in protest of the United States Attorney in Manhattan, a civil jury could have, at the very least, weighed in on the inner working of their government.

Purportedly there was an administrative system that noise complaints

could be adjudicated. For Appellant Akhar it was nothing more than the proverbial kangaroo court. In an attempt to represent himself before that tribunal, he was never given clear directions, and in many ways the information was misleading.

Little wonder unscrupulous officials would find an avenue to make money off the misfortune of businesses operating along Restaurant Row of Manhattan, among them Appellant Akhtar. Again, in support of his case in district court, Appellant Akhtar produced numerous sworn statements from witnesses, whose testimony could have been considered by a trier of fact, to no avail.

There was a time when citizens could resort to the courts as a check on government. But the proverbial court house doors have been closing in tighter and tighter on the average citizen, and with the cost of ligation, including filing fees, those doors are closing shut.

There is a strong public policy component in allowing this case to go forward to trial.

## 2. The Result Below

Appellants filed their complaint in the United States District for the Southern District of New York on July 28, 2023. All Appellees filed motions to dismiss on the pleadings. On August 19, 2024, before any discovery was allowed as a result of a previously entered stay Order, the

19

district court below, the Hon. Jessica G.L. Clarke, United States District Court Judge, adopted the Report and Recommendations, dated June 5, 2024, issued by Magistrate Judge Valerie Figueredo.

Consistent with the Report and Recommendations, on August 19, 2024, the District Court dismissed Counts I and IV of Complaint with prejudice, while Counts II, III, and V were dismissed without prejudice.

The District Court granted Plaintiffs until September 16, 2024 to file an Amended Complaint.

The Amended Complaint was followed by motion for dismissal, and on March 23, 2026, the Hon. Jessica G.L. Clarke, United States Judge, adopted the Magistrate Judge's Report and Recommendation and dismissed plaintiffs' Amended Complaint with prejudice and directed the Clerk of the Court to close the case. .

On April 21, 2006, Appellants filed a timely Notice of Appeal, and the following day paid the required filing fee.

### 3. A copy of the Notice of Appeal and a Current Copy of the Lower Court Docket Sheet

See below.

4.  <u>A copy of all relevant opinions/orders forming the basis for this appeal including transcripts of orders issued from the bench or in chambers</u>

    See below.

Dated: May 10, 2025

Anthony N. Iannarelli Jr.
Attorney for Appellants

Addendum B

22

Addendum B:  Standard of Review

Akhtar et al. v. Adams et al.      Doc. No. 26-1096

Because the District Court erred, on both the facts and the law, in dismissing Appellants' cases, a *de novo* standard of review should be applied. Nambiar v. The Central Orthopedic Group, LLP, No. 24-1103 (2d Cir. 2025) While Nambiar was case for summary judgment, and differs in that it was a contract case, the same principles should apply, that is, the judge should have reviewed the Report and Recommendation and to dismiss Appellants' case *de novo*.

That being said, one is hard pressed to find that a *de novo* review can result in a dismissal merely on the pleading.

Indeed, Appellant Mohammed, is a minority within a minority group. He is an immigrant, a person of color, and a Muslim. In his Amended Complaint, he made a cause of action for violations of the Civil of Rights Act of 1884, 42 *U.S.C.* 1981-1983. In addition to the pleading, and supporting documents, the Court made a finding how Appellant had been disturbed by an Appellee at his place of business. (The term "disturbed" is mildly descriptive.) See Order entered by Magistrate Judge at ECF 170. See, also ECF 174.

1

If one were to review the foregoing entries, in addition to case documents, one may take the view Appellant was under attack for some reason? But that is precisely the point: the reason is for a jury to determine.

Additionally:

1. The District Court erred in finding Appellants failed to state a claim against all Defendant.

The District Court erred in finding Appellants abandoned their claims by failure to respond to New York City Appellees' arguments for dismissal. In actuality, Appellees' demand for dismissal is perfunctory and ignored the facts of the case; Appellants' response was more than adequate. Among other items, the District Court appeared to ignore the Declaration of Appellant Mohammed John Akhtar, along with the affidavit of another witness, Sarah Hayes.

While not conceding it was necessary, had the District Court allowed for discovery to proceed, the alleged offenses and criminality perpetrated by all Appellees against Appellants would have lent the opportunity for further clarification in response to Appellees' motions for dismissal of Appellant's complaint based merely upon the pleadings.

As is commonly known, criminals do not put their activities

2

on display for public viewing. Had the case been charged as a criminal offense, there would have been ample evidence for a finding of probable cause—which requires a much higher standard of review than in civil proceedings. The District Court appeared to apply the standard of review for summary judgment under an assumption discovery had been conducted, rather than a dismissal on the pleading. In actuality, Appellants were denied the right to conduct any discovery at all, and this fact is erroneous on its face.

2. The District Court erred in finding Appellants did not make a basis for their First Amendment claim "clear."

Appellants case is about the Appellees involved in a fraudulent scheme to allege offensive noise made by Appellants, when none ever existed. While music and singing within Appellants' premises did occur during the relevant time periods, it was always within a permissible level. Had Appellee Eisenberg, on behalf of the New York City Appellees, not placed his cell phone against the premise's windows or speakers, he would not have been able to make a case because "noise" could not be heard outside the property lines of Appellants' business. Appellees fraudulent conduct was to disrupt Appellant Akhtar's cultural expression, through music and song, which is a right protected under the First Amendment of the U.S. Constitution.

Whether these Appellees engaged in fraudulent conduct, falsely alleging excessively loud music and offensive noise, because of plaintiff Akhtar's race or creed as a Muslim, or because New York City Appellees wanted to run merchants out of business to make way for casino gambling, are all questions of fact for which a decision to dismiss on the pleadings is erroneous.

3. The District Court erred in finding Appellants were not denied  constitutional safeguards, such as due process of law, among others, as a result of Appellees engaging in unlawful and fraudulent conduct.

Again, if the District Court had considered all the pleadings, along with the sworn statements of witnesses, it would have been clear that Appellees, while acting under color of law, deprived Appellants of their constitutional and statutory rights. Among other rights, Appellants were denied their right to free expression and due process of law, and the right to be free from discrimination.

4. In assessing the facts of this case, the District Court might have considered, based upon the above proffered facts of the case, the difficulty Appellants were caused to endure in the real world of corrupt New York City politics.

These facts have been reported in the *New York Post*, *The New York Times*, among others news platforms. Significantly, in Appellants case, and before bringing suit, New York City

Appellees were warned not only of the actual corruption occurring and directly impacting Appellants' business, but also how existing circumstances could allow for further corruption within New York City government. These facts have been borne out through indictments, and in actuality, Appellants are doing a public service by exposing this governmental corruption. The average citizen does not have the ability to bring criminal proceedings in the face of corruption. The only venue available is to address these corrupt practices before a court of law in civil proceedings.

New York City Appellees failed to act on the concerns of corruption already brought to their attention; nor did they even bother to respond to correspondence that should have been alarming. And because of the lack of internal policing by Appellees, Appellants have been victimized and will continue to be harmed in the future.

The District Court's decision suggests, by adopting the Magistrate's Report and Recommendation, that a citizen has no right to seek relief in federal court for violations, by a local government, of a citizen's federal

constitutional and statutory rights. Appellants assert this analysis is clearly erroneous on the facts and the law.

Appellants, or for that matter any citizen, should not have to

wait for the next election cycle to seek relief when a local governmental entity commits crimes against their persons or property in violation of federal statutory safeguards. Nor should Appellants be compelled to go before a local and secretive tribunal, that is a product of a corrupt local government, for vindication of their federal and statutory rights. Such a scenario is precisely the basis for a *de novo* standard of review.

5. The District Court erred in finding Appellants are not entitled to make a Title 42 United States Code § 1983 claim.

Appellants made clear in their Complaint how New York City Appellees, while engaging in criminal activity, committed violations of Appellants' constitutional and statutory rights under color of law.

6. The District Court made a finding that the Appellants' claims should be dismissed against New York City Appellees for want of filing Notices of Claims.

If it is found to be necessary to file Notice of Claim against the government Appellees, Appellants may still do so because Appellees

tortious conduct continued. The New York City individual Appellees are still attempting to collect large sums of money from Appellants imposed through unlawful activities.

In addition to being attacked for being one of the few Muslims, and a person of color, operating a business in the district, Appellants were concerned that some of New York City Appellees' motives were to run Appellants out of business to make way for casino gambling. That proposal, within the Appellants neighborhood, were still under consideration by a corrupt New York City government.

7. The District Court erred in dismissing Appellants' emotional distress claims.

It would be hard to imagine how one would not suffer emotional distress when one's business was at risk from the corrupt acts of a municipal government. Particularly so where the government and its cohorts seemed, until recently, to be able to act with impunity. More so, for an emigrant, a Muslim, and a person of color who has no connections at City Hall, nor possesses enough money to pay off the "right people" to have one's problems "go away." Appellees have subjected Appellant Akhtar to debilitating stress. See page 1, *New York Post*, "NYC bar owner claims NYPD commish's (sic) brother James Caban tried to 'extort' him over

7

police enforcement: report." September 12, 2024. (Attempted extortion of $2,500.00 to avoid payment of noise complaint fines.); *City Journal*, "A Little Sunlight Might Have Prevented the Adams Scandals" https://www.city-journal.org/article/a-little-sunlight-might-have-prevented-the-adams-scandals .

8. The District Court erred in dismissing Appellants' Fraud Claims. Among the theories for dismissal the District Court adopted was the need for heightened pleading.

In the matter at bar, plaintiffs have offered evidence of criminal frauds perpetrated against Appellants by Appellees. And as for the New York City Appellees, they also engaged in criminal conduct while acting color of law. Appellants exceeded the threshold for civil pleading by providing evidence of Appellees criminal activity. And those crimes were the proximal cause of Appellants' damages.

Given the facts pled against Appellees are bad enough, it is no wonder that Appellees would petition the District Court to not allow discovery to go forward.

Therefore, for the reasons stated above, along with all the papers and pleadings filed in supporting Appellants' case, a *de novo* standard of review should be applied.

8

# Amended Notice of Appeal

31

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mohamed Sohel Akhtar, a/k/a
Mohamed John Akhtar, La Buca
Restaurant, Inc., d/b/a Swing 46
Jazz and Supper Club,

    Plaintiffs

v.

Eric Adams, Mayor of the City of
New York, Rohit T.
Aggarwala, New York City
Department of Environmental
Protection, Eric M. Eisenberg,
and Jane Does 1-30 and John
Does 1-30,

    Defendants.

Case No. 23-cv-06585 (JGLC)(VF)

**Amended Notice of Appeal**

Plaintiffs in the above captioned case, appeal to the United States Court of Appeals for the Second Circuit from the Order, docket No. 85, entered on August 19, 2024 by District Court Judge Jessica G.L. Clarke, adopting the Report and Recommendations of Magistrate Judge Valerie Figueredo, granting defense Motions and dismissing counts I and IV of plaintiffs' complaint **with prejudice**; and, dismissing counts II, III, and V without prejudice, and ,

    appeals from the Order of the District Court, adopting the Report and Recommendation of Magistrate Judge Valerie Figueredo, and by Order dated March 23, 2026, docket No. 207, dismissing plainitffs' Amended Complaint with prejudice, and Ordering the Clerk of the Court to close the case.

32

Dated: 05/10/2026

Anthony N. Iannarelli Jr.
Attorney for PlaintiPPs

Plaintiffs' Attorney address
Iannarelli, Anthony N. (Jr.).
74 Lafayette Avenue
Suite 202 # 116
Suffern, NY 10901
phone: 212-381-6098
email: anilaw2@gmail.com

2

District Court Orders Adopting Report and Recommendation, dated 08/19/2024 and 03/23/2026, Dismissing Plaintiffs' Complaints

34

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOHAMED JOHN AKHTAR and LA BUCA
RESTAURANT, INC.,

                          Plaintiffs,

             -against-

ERIC ADAMS, Mayor of the City of New
York, ROHIT T. AGGARWALA, NEW
YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION, ERIC I.
EISENBERG and JOHN AND JANE DOES
ONE THROUGH THIRTY,

                         Defendants.

---

23-CV-6585 (JGLC) (VF)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

**JESSICA G. L. CLARKE**, United States District Judge:

This case is referred to Magistrate Judge Figueredo for general pretrial purposes and dispositive motions requiring a report and recommendation. ECF No. 40. Defendants Eric Adams, Rohit T. Aggarwala, and the New York City Department Of Environmental Protection (collectively, the "City Defendants") and Defendant Eisenberg both filed motions to dismiss. ECF Nos. 24 and 41. On June 5, 2024, Judge Figueredo recommended that both motions be granted and that Plaintiffs be granted leave to amend Counts II, III, and V of the Complaint. ECF No. 72 ("R&R") at 20. The Court hereby ADOPTS the R&R in its entirety.

A district court reviewing a magistrate judge's report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen days after the magistrate judge has issued their report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* the portions of the report and recommendation to which objection is made. 28

U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). For portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (internal citation omitted). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (cleaned up).

Plaintiffs' scant objection (ECF No. 76) to the R&R is conclusory and general, and both mischaracterizes and fails to substantively engage with the reasoning of the R&R. The Court is satisfied that R&R is well-reasoned and committed no clear error.

Defendant Eisenberg asks that the Complaint be dismissed with prejudice due to problematic behavior by Plaintiffs and their counsel. ECF Nos. 74 and 84. The Court has previously admonished Plaintiffs for violation of the Court's Individual Rules and deadlines. ECF No. 39. Plaintiffs are warned that further disregard for the Court's Individual Rules and deadlines may result in sanctions, including dismissal with prejudice. However, the R&R appropriately weighed the factors a court should consider when determining if Plaintiffs should be granted leave to replead at this juncture. Plaintiffs shall have **one opportunity** to amend with respect to Counts II, III, and V of the Complaint.

Thus, the R&R is ADOPTED in its entirety. Counts I and IV of the Complaint are DISMISSED with prejudice. Counts II, III, and V are DISMISSED without prejudice. The deadline for Plaintiffs to file a second amended complaint in compliance with this Order is **September 16, 2024**.

The Clerk of Court is directed to terminate ECF Nos. 24, 41 and 82.

Dated: August 19, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

3

37

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMED JOHN AKHTAR and LA BUCA
RESTAURANT, INC.,

                          Plaintiffs,

              -against-

ERIC M. EISENBERG and JOHN & JANE DOES
ONE THROUGH THIRTY,

                          Defendants.

23-CV-6585 (JGLC) (VF)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

The Court assumes the parties' familiarity with the facts of this case. *See* ECF No. 72 at

2–3. On April 3, 2025, Defendant Eric Eisenberg ("Eisenberg") moved to dismiss Plaintiffs'

Amended Complaint. *See* ECF Nos. 104 ("AC"), 181 ("MTD"). In a Report and

Recommendation filed on November 3, 2025, Magistrate Judge Valerie Figueredo recommended

that the undersigned grant the motion.[1] *See* ECF No. 203 ("Report and Recommendation" or

"R&R"). For the reasons set forth below, the Court hereby ADOPTS the R&R in its entirety and

dismisses the Amended Complaint with prejudice.

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see *also United*

*States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to

which no timely objection has been made, however, a district court need only satisfy itself that

---

[1] On January 9, 2024, the Court referred this case to Judge Figueredo for general pretrial
purposes and dispositive motions requiring a report and recommendation. ECF No. 40.

1

there is no clear error on the face of the record. *See, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (cleaned up).

In the present case, the Report and Recommendation advised Plaintiffs that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* R&R at 15. In addition, the Report and Recommendation expressly called Plaintiffs' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* Plaintiffs filed objections on November 20, 2025.[2] ECF No. 206 ("Objections").

Upon review, the Court finds that Plaintiffs' objections lack merit. Plaintiffs mostly reiterate arguments and positions they espoused in their underlying briefing—which the R&R already properly considered and rejected. Where Plaintiffs do raise new arguments, those arguments are either unconvincing or immaterial.

First, Plaintiffs take issue with the pleading standards set out by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

---

[2] Plaintiffs originally filed their Objections on November 15, 2025, but did so incorrectly. *See* ECF No. 204. They subsequently re-filed their Objections on November 20, 2025, after the deadline. ECF No. 206. Nonetheless, the Court will consider their arguments. *See Young v. United States*, No. 07-CV-10411 (SCR) (GAY), 2010 WL 54757, at *1 (S.D.N.Y. Jan. 6, 2010) ("Having found no prejudice to the parties by Petitioner's late filing, this Court will consider Petitioner's Objections as if timely filed.").

39

Objections 3–6. Of course, district courts are "bound by the decisions of the Supreme Court of the United States and those of the Circuit Court of Appeals in their own circuit." *Cont'l Sec. Co. v. Interborough Rapid Transit Co.*, 165 F. 945, 959–60 (C.C. S.D.N.Y. 1908). Plaintiffs provide no basis to revisit Judge Figueredo's proper application of these standards in this case. Accordingly, their arguments on this score are unavailing.

Second, Plaintiffs contend that discovery would afford them the opportunity to properly state a claim under the Civil Rights Act of 1866, which they bring as Count Two of their Amended Complaint. Objections at 4 (citing AC at 14). But Judge Figueredo recommended dismissing Count Two with prejudice because that claim necessarily fails as a matter of law. R&R at 9–12. No discovery could possibly cure it. *See id.* As the R&R explains, to state a claim under the Civil Rights Act of 1866, a plaintiff must plead a cognizable constitutional interest in the activities enumerated in Sections 1981 and 1982 of that statute. *See id.* at 9. The Amended Complaint fails to do so.

"The activities enumerated in Section 1981 are the right 'to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.'" *Id.* at 10 (quoting 42 U.S.C. § 1981(a)). Meanwhile, for "Section 1982 to apply, a plaintiff 'must allege interference with some right involving real or personal property.'" *Id.* (quoting *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 395 (S.D.N.Y. 2006), *aff'd sub nom. Bishop v. Toys R Us*, 385 F. App'x 38 (2d Cir. 2010)). In other words, Judge Figueredo made plain, "Section 1981 provides that all persons have equal right to make and enforce contracts, and [Section] 1982 establishes that all persons have equal right to purchase, lease, sell, hold, and convey real and personal property." R&R at 10 (quoting *Silva v. Farrish*, 47 F.4th 78, 89 (2d Cir. 2022)). However,

3

40

Plaintiffs' claims do not arise out of, or have anything to do with, any of these required activities—they all "stem from noise complaints submitted by Eisenberg to the City." *Id.*

As the R&R accurately reasoned, there "are no factual allegations in the amended complaint even remotely involving the right to make or enforce a contract, participate in a lawsuit, or have the full and equal benefit of laws for the security of persons and property." *Id.* And Plaintiffs' Amended Complaint contains "no factual allegations involving any interference with a property right that would be actionable under Section 1982." *Id.* Accordingly, amendment would be futile, and Judge Figueredo properly recommended dismissing Count Two with prejudice. *See id.* at 12.

Third, Plaintiffs argue that it "is of no moment" whether Eisenberg was a state actor. Objections at 6. However, under "42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting 'under the color of' state law." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014) (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)). It was therefore eminently appropriate for Judge Figueredo to evaluate whether or not Eisenberg was a state actor, and whether or not he was acting under color of state law. *See* R&R at 5–7. Once again, Judge Figueredo's reasoning was entirely proper. *See id.*

Fourth, Plaintiffs make the conclusory argument that "the facts adequately articulate justiciable issues that can be resolved by a jury." Objections at 7. As the Court explained when it assessed Plaintiffs' prior objections to a previous R&R, this line of argument "mischaracterizes and fails to substantively engage with the reasoning of the R&R." ECF No. 85 at 2. The Court is again satisfied that this R&R is "well-reasoned and committed no clear error." *Id.*

Finally, Plaintiffs stress the tragic closure of the Swing 46 Jazz and Supper Club. Objections at 8. The Court recognizes the importance of cultural establishments to the city, to the

4

community, and to its employees and patrons. But "the concepts of ruling on discrete legal issues and the ultimate outcome are distinct." *Team Kennedy v. Berger*, 748 F. Supp. 3d 200, 214 n.13 (S.D.N.Y. 2024). And, here, the Court's role is to rule on discrete legal issues, not to determine the ultimate outcome.

The Court finds the Report and Recommendation to be well-reasoned and grounded in fact and law, and ADOPTS it in its entirety. As such, the motion to dismiss is GRANTED and the Amended Complaint is DISMISSED with prejudice.

The Clerk of Court is respectfully directed to terminate ECF No. 181 and close the case.

Dated: March 23, 2026
New York, New York

SO ORDERED.

_____
JESSICA G. L. CLARKE
United States District Judge

District Court Docket Sheet

43

SDNY CM/ECF NextGen Version 1.8.5

5/4/26, 3:23 PM

CLOSED,APPEAL,CASREF,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:23-cv-06585-JGLC-VF

Akhtar et al v. Aggarwala et al
Assigned to: Judge Jessica G. L. Clarke
Referred to: Magistrate Judge Valerie Figueredo
Demand: $1,000,000
Cause: 42:1983dp Civil Right Denial of Due Process

Date Filed: 07/28/2023
Date Terminated: 03/23/2026
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Mohamed John Akhtar**

represented by **Anthony Nicholas Iannarelli , Jr**
Anthony N. Iannarelli, Jr., Esq.
244 Grand Avenue
Englewood, NJ 07631
201-236-1838
Email: anilaw2@gmail.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**La Buca Restaurant, Inc.**
*doing business as*
Swing 46 Jazz and Supper Club

represented by **Anthony Nicholas Iannarelli , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Eric Adams**
*Mayor of the City of New York*
*TERMINATED: 08/19/2024*

represented by **Genan Faye Zilkha**
New York City Law Department, Office of
the Corporation Coun
NY
100 Church Street
Ste 5-166
New York
New York, NY 10007
212-356-2212
Email: gzilkha@law.nyc.gov
*ATTORNEY TO BE NOTICED*

**Kerri Ann Devine**
NYC Law Department
100 Church Street Room 3-212

44

New York, NY 10007
(212)788-0577
Fax: (212)791-9714
Email: kdevine@law.nyc.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rohit T Aggarwala**
*TERMINATED: 08/19/2024*

represented by **Genan Faye Zilkha**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kerri Ann Devine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**New York City Department of Environmental Protection**
*TERMINATED: 08/19/2024*

represented by **Genan Faye Zilkha**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kerri Ann Devine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eric I Eisenberg**
*TERMINATED: 08/19/2024*

**Defendant**

**John and Jane Does One through Thirty**

**Defendant**

**Eric M. Eisenberg**

represented by **Eric M. Eisenberg**
1300 S Miami Ave
Unit 1408
Miami, FL 33130
6468016705
Email: ericeis@gmail.com
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 07/28/2023 | 1 | COMPLAINT against Eric Adams, Rohit T Aggarwala, Eric I Eisenberg, John and Jane Does One through Thirty, New York City Department of Environmental Protection. (Filing Fee $ 402.00, Receipt Number ANYSDC-28070082)Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) |

| | | |
|---|---|---|
| | | (Entered: 07/28/2023) |
| 07/28/2023 | 2 | **FILING ERROR - DEFICIENT- SIGNATURE ERROR** - CIVIL COVER SHEET filed..(Iannarelli, Anthony) Modified on 7/31/2023 (vf). (Entered: 07/28/2023) |
| 07/31/2023 | | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Anthony Nicholas Iannarelli, Jr. The party information for the following party/parties has been modified: La Buca Restaurant, Inc., Eric Adams. The information for the party/parties has been modified for the following reason/reasons: party text was omitted; alias party name was omitted. (vf) (Entered: 07/31/2023) |
| 07/31/2023 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Anthony Nicholas Iannarelli, Jr to RE-FILE Document No. 2 Civil Cover Sheet. The filing is deficient for the following reason(s): Signature Error. Form is not signed. Re-file the document using the event type Civil Cover Sheet found under the event list Other Documents and attach the correct PDF. (vf) (Entered: 07/31/2023) |
| 07/31/2023 | | ***NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Anthony Nicholas Iannarelli, Jr. The following case opening statistical information was erroneously selected/entered: Jury Demand code n (None); Dollar Demand Blank; County code Albany. The following correction(s) have been made to your case entry: the Jury Demand code has been modified to p (Plaintiff); the Dollar Demand has been modified to 1,000,000; the County code has been modified to New York. (vf) (Entered: 07/31/2023) |
| 07/31/2023 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Jessica G. L. Clarke. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(vf) (Entered: 07/31/2023) |
| 07/31/2023 | | Magistrate Judge Valerie Figueredo is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (vf) (Entered: 07/31/2023) |
| 07/31/2023 | | Case Designated ECF. (vf) (Entered: 07/31/2023) |
| 08/01/2023 | 3 | NOTICE OF INITIAL PRETRIAL CONFERENCE: Unless and until the Court orders otherwise, counsel for all parties shall appear for an initial pretrial conference with the Court on November 1, 2023 at 11:00 a.m.. The conference will be held remotely by Microsoft Teams. All counsel must familiarize themselves with the Court's Individual Rules and Practices, which are available at https://nysd.uscourts.gov/hon-jessica-g-l- |

46

SDNY CM/ECF NextGen Version 1.8.5　　　　　　　　　　　　　　　　　　　　　　　　5/4/26, 3:23 PM

| | | |
|---|---|---|
| | | clarke. All parties are required to register promptly as filing users on ECF. As further set forth by this Order. Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order and the Court's Individual Rules and Practices forthwith, and (2) to file proof of such notice with the Court. If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Courts Individual Rules and Practices to that party personally. SO ORDERED. Initial Conference set for 11/1/2023 at 11:00 AM before Judge Jessica G. L. Clarke. (Signed by Judge Jessica G. L. Clarke on 8/1/2023) (tg) (Entered: 08/01/2023) |
| 10/26/2023 | 4 | LETTER addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 10/25/2023 re: Adjournment of Conference. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 10/26/2023) |
| 10/27/2023 | 5 | ORDER TO SHOW CAUSE: The Complaint was filed on July 28, 2023. The docket does not reflect that a summons was issued or that the summons and Complaint were ever served on Defendants. IT IS HEREBY ORDERED that Plaintiff submit a letter to the Court by November 3, 2023 showing good cause as to why Plaintiff has failed to serve the summons and Complaint within the 90 days prescribed by Rule 4(m) of the Federal Rules of Civil Procedure, or, if Plaintiff believes that Defendants have been served, when and in what manner such service was made. IT IS FURTHER ORDERED that if the Court does not receive any communication from Plaintiff by November 3, 2023 showing good cause why such service was not made within the 90 days, the Court will dismiss the case. Additionally, the initial pretrial conference (currently scheduled for November 1, 2023, see ECF No. 3) is ADJOURNED sine die. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 10/27/2023) (tg) (Entered: 10/27/2023) |
| 10/30/2023 | 6 | ORDER: The Order to Show Cause, see ECF No. 5, is DISCHARGED. Plaintiff's deadline for filing proof of service of summons and complaint is EXTENDED to November 10, 2023. SO ORDERED. ( Service due by 11/10/2023.) (Signed by Judge Jessica G. L. Clarke on 10/30/2023) (tg) (Entered: 10/30/2023) |
| 10/31/2023 | 7 | REQUEST FOR ISSUANCE OF SUMMONS as to Rohit T. Aggarwala, New York City Department, re: 1 Complaint,. Document filed by Mohamed John Akhtar.. (Iannarelli, Anthony) (Entered: 10/31/2023) |
| 10/31/2023 | 8 | REQUEST FOR ISSUANCE OF SUMMONS as to Eric Adams, re: 1 Complaint,. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 10/31/2023) |
| 11/01/2023 | 9 | ELECTRONIC SUMMONS ISSUED as to Rohit T Aggarwala, New York City Department of Environmental Protection. (vf) (Entered: 11/01/2023) |
| 11/01/2023 | 10 | ELECTRONIC SUMMONS ISSUED as to Eric Adams. (vf) (Entered: 11/01/2023) |
| 11/01/2023 | 11 | REQUEST FOR ISSUANCE OF SUMMONS as to Eric I. Eisenberg, re: 1 Complaint,. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 11/01/2023) |

47

SDNY CM/ECF NextGen Version 1.8.5 — 5/4/26, 3:23 PM

| 11/01/2023 | 12 | ELECTRONIC SUMMONS ISSUED as to Eric I Eisenberg..(gp) (Entered: 11/01/2023) |
|---|---|---|
| 11/07/2023 | 13 | CERTIFICATE OF SERVICE. All Plaintiffs. Service was accepted by Identiied as "Felina" who represented she was authorited to accept summons & complaint. Document filed by Mohamed John Akhtar., CERTIFICATE OF SERVICE of summons & complaint served on Rohit T. Aggarwala on 11/06/2023. Service was accepted by Identiied as "Felina" who represented she was authorited to accept summons & complaint. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 11/07/2023) |
| 11/07/2023 | 14 | CERTIFICATE OF SERVICE. All Plaintiffs. Service was accepted by Identiied as "Felina" who represented she was authorited to accept summons & complaint. Document filed by Mohamed John Akhtar., CERTIFICATE OF SERVICE of summons & complaint served on Rohit T. Aggarwala on 11/06/2023. Service was accepted by Identiied as "Felina" who represented she was authorited to accept summons & complaint. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 11/07/2023) |
| 11/07/2023 | 15 | **FILING ERROR - PDF ERROR** REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Eric I. Eisenberg, re: 1 Complaint,. Document filed by Mohamed John Akhtar., REQUEST FOR ISSUANCE OF SUMMONS as to Eric I. Eisenberg, re: 1 Complaint,. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) Modified on 11/7/2023 (gp). (Entered: 11/07/2023) |
| 11/07/2023 | 16 | REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Eric Adams re: 1 Complaint,. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) Modified on 11/7/2023 (gp). (Entered: 11/07/2023) |
| 11/07/2023 | 17 | REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to E.I. Eiesenberg, re: 1 Complaint,. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 11/07/2023) |
| 11/08/2023 | 18 | ELECTRONIC AMENDED SUMMONS ISSUED as to Eric Adams. (vf) (Entered: 11/08/2023) |
| 11/08/2023 | 19 | ELECTRONIC AMENDED SUMMONS ISSUED as to Eric I Eisenberg. (vf) (Entered: 11/08/2023) |
| 11/14/2023 | 20 | CERTIFICATE OF SERVICE. Eric I Eisenberg served on 11/9/2023, answer due 11/30/2023. Service was accepted by Larry Caputo, Superintendent of Residences. Document filed by Mohamed John Akhtar., CERTIFICATE OF SERVICE of summons & complaint served on Eric Eisenberg on 11/09/2023. Service was accepted by Larry Caputo, Superintendent of Residences. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 11/14/2023) |
| 11/15/2023 | 21 | CERTIFICATE OF SERVICE. Eric Adams served on 11/8/2023, answer due 11/29/2023. Service was accepted by NYPD Officer Badge No. 15677. Document filed by Mohamed John Akhtar., CERTIFICATE OF SERVICE of amended aummons & complaint served on defendant Eric Adams on 11/08/2023. Service was accepted by NYPD Officer Badge No. 15677. Document filed by Mohamed John Akhtar.. |

4/8

| | | (Iannarelli, Anthony) (Entered: 11/15/2023) |
|---|---|---|
| 11/15/2023 | 22 | CERTIFICATE OF SERVICE. Eric Adams served on 11/9/2023, answer due 11/30/2023. Service was accepted by unkown uniformed security guard. Document filed by Mohamed John Akhtar., CERTIFICATE OF SERVICE of summons & complaint served on defendant Eric Adams on 11/09/2023. Service was accepted by unkown uniformed security guard. Document filed by Mohamed John Akhtar.. (Iannarelli, Anthony) (Entered: 11/15/2023) |
| 11/15/2023 | 23 | CERTIFICATE OF SERVICE. Service was accepted by uniformed concierges at defendant Eisenberg's place of business. Document filed by Mohamed John Akhtar., CERTIFICATE OF SERVICE of summons & complaint served on Eric Eisenberg on 11/09/2023. Service was accepted by uniformed concierges at defendant Eisenberg's place of business. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 11/15/2023) |
| 11/27/2023 | 24 | MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*. Document filed by Eric Eisenberg. Responses due by 12/11/2023.(Eisenberg, Eric) (Entered: 11/27/2023) |
| 11/27/2023 | 25 | MEMORANDUM OF LAW in Support re: 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*. . Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 11/27/2023) |
| 11/27/2023 | 28 | MEMORANDUM OF LAW IN SUPPORT OF ERIC EISENBERG'S MOTION TO DISMISS PURS. TO RULES 12(B)(1), 12(B)(2), 12 (B)4), 12(B)5 & 12(B);(6), re: 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*. Document filed by Eric I Eisenberg. (sc) (Entered: 11/30/2023) |
| 11/28/2023 | 26 | NOTICE OF APPEARANCE by Genan Faye Zilkha on behalf of Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Zilkha, Genan) (Entered: 11/28/2023) |
| 11/28/2023 | 27 | FIRST LETTER MOTION for Extension of Time *to respond to the Complaint* addressed to Judge Jessica G. L. Clarke from Genan F. Zilkha dated November 28, 2023. Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Zilkha, Genan) (Entered: 11/28/2023) |
| 12/01/2023 | 29 | ORDER: granting 27 Letter Motion for Extension of Time. The deadline for defendants Eric Adams, Rohit T. Aggarwala, and the New York City Department of Environmental Protection to answer, move or otherwise respond to the complaint is hereby EXTENDED to January 26, 2024. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 12/01/2023) (ama) (Entered: 12/01/2023) |
| 12/01/2023 | | Set/Reset Deadlines: Eric Adams answer due 1/26/2024; Rohit T Aggarwala answer due 1/26/2024; New York City Department of Environmental Protection answer due 1/26/2024. (ama) (Entered: 12/01/2023) |
| 12/01/2023 | 30 | NOTICE OF APPEARANCE by Kerri Ann Devine on behalf of Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Devine, Kerri) |

49

| | | (Entered: 12/01/2023) |
|---|---|---|
| 12/08/2023 | 31 | LETTER MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)., 25* Memorandum of Law in Support of Motion addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 12/08/2023. Document filed by Mohamed John Akhtar. Return Date set for 12/11/2023 at 12:59 PM. (Attachments: # 1 Errata Dr. Shaari's Note). (Iannarelli, Anthony) (Entered: 12/08/2023) |
| 12/08/2023 | 32 | LETTER RESPONSE in Opposition to Motion addressed to Judge Jessica G. L. Clarke from Eric Eisenberg dated December 8, 2023 re: 31 LETTER MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)., 25* Memorandum of Law in Support of Motion addressed to Judge Jessica G. L. Clarke . Document filed by Eric Eisenberg. (Attachments: # 1 Exhibit A - Correspondence between Eric Eisenberg and Plaintiffs counsel).(Eisenberg, Eric) (Entered: 12/08/2023) |
| 12/11/2023 | 33 | ORDER granting 31 Letter Motion for Extension of Time to File Response/Reply re 31 LETTER MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)., 25* Memorandum of Law in Support of Motion addressed to Judge Jessica G. L. Clarke, 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6).* The Court is in receipt of the parties' letters. ECF Nos. 31-32. The deadline for Plaintiff's opposition to the motion to dismiss (ECF No. 24) is EXTENDED to December 27, 2023. The deadline for Defendant Eisenberg's reply is EXTENDED to January 23, 2024. The Clerk of Court is directed to terminate ECF No. 31. SO ORDERED. Responses due by 12/27/2023 Replies due by 1/23/2024. (Signed by Judge Jessica G. L. Clarke on 12/11/2023) (tg) (Entered: 12/11/2023) |
| 01/02/2024 | 34 | REPLY AFFIDAVIT of Mohammed John Akhtar in Opposition re: 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)..* Document filed by Mohamed John Akhtar. (Attachments: # 1 Exhibit Declaration by Plaintiff Akhtar, # 2 Exhibit Declaration by wtiness Sarah Hayes, # 3 Exhibit Declaration by counsel Anthony N. Iannarelli Jr.).(Iannarelli, Anthony) (Entered: 01/02/2024) |
| 01/02/2024 | 35 | MOTION to Disqualify Judge ., SECOND MOTION for Extension of Time .( Return Date set for 12/27/2023 at 11:59 PM.) Document filed by Mohamed John Akhtar.. (Iannarelli, Anthony) (Entered: 01/02/2024) |
| 01/02/2024 | 36 | LETTER RESPONSE in Opposition to Motion addressed to Judge Jessica G. L. Clarke from ERIC EISENBERG dated January 2, 2024 re: 35 MOTION to Disqualify Judge .SECOND MOTION for Extension of Time . . Document filed by Eric Eisenberg. (Attachments: # 1 Exhibit A - Correspondence between Parties).(Eisenberg, Eric) (Entered: 01/02/2024) |
| 01/02/2024 | 37 | SECOND LETTER MOTION for Extension of Time to File Response/Reply as to 34 Reply Affidavit in Opposition to Motion, addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 01/02/2024. Document filed by Mohamed John Akhtar. Return Date set for 12/27/2023 at 11:59 PM..(Iannarelli, Anthony) (Entered: 01/02/2024) |

| 01/02/2024 | 38 | LETTER RESPONSE in Opposition to Motion addressed to Judge Jessica G. L. Clarke from ERIC EISENBERG dated January 2, 2024 re: 37 SECOND LETTER MOTION for Extension of Time to File Response/Reply as to 34 Reply Affidavit in Opposition to Motion, addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 01/02/2024. . Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 01/02/2024) |
|---|---|---|
| 01/09/2024 | 39 | ORDER: terminating 35 Motion to Disqualify Judge; granting 35 Letter Motion for Extension of Time. Plaintiff moves for a nunc pro tunc extension of time to oppose Defendant Eric Eisenberg's motion to dismiss. See ECF Nos. 35 (incorrectly titled "Motion to Disqualify Judge"); ECF No. 37 (correctly docketed letter seeking the same relief). The Court will consider Plaintiff's belated opposition because the motion is case dispositive and there is no prejudice to Defendant in doing so. However, no further extensions requested by counsel for Plaintiff that violate this Court's Individual Rules will be granted. Defendant Eric Eisenberg's deadline to reply in support of his motion is extended until January 30, 2024. T he Clerk of Clerk is directed to close ECF Nos. 35 and 37. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 1/09/2024) (ama) (Entered: 01/09/2024) |
| 01/09/2024 | | Set/Reset Deadlines: Replies due by 1/30/2024. (ama) (Entered: 01/09/2024) |
| 01/09/2024 | 40 | ORDER OF REFERENCE TO A MAGISTRATE JUDGE: Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement) and Dispositive Motion (i.e., motion requiring a Report and Recommendation). All such Motions. Referred to Magistrate Judge Valerie Figueredo. SO ORDERED. Motions referred to Valerie Figueredo. (Signed by Judge Jessica G. L. Clarke on 1/09/2024) (ama) (Entered: 01/09/2024) |
| 01/26/2024 | 41 | FIRST MOTION to Dismiss *the Complaint*. Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Zilkha, Genan) (Entered: 01/26/2024) |
| 01/26/2024 | 42 | MEMORANDUM OF LAW in Support re: 41 FIRST MOTION to Dismiss *the Complaint*. . Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Zilkha, Genan) (Entered: 01/26/2024) |
| 01/26/2024 | 43 | FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*. addressed to Magistrate Judge Valerie Figueredo from Eric Eisenberg dated January 26, 2024. Document filed by Eric Eisenberg. (Attachments: # 1 Exhibit 1 - FOIL Documents from OATH, # 2 Exhibit 2 - Correspondence with Mr. Iannarelli).(Eisenberg, Eric) (Entered: 01/26/2024) |
| 01/29/2024 | 44 | INITIAL CASE MANAGEMENT CONFERENCE ORDER: This action is scheduled for an Initial Case Management Conference in accordance with Rule 16(b) of the Federal Rules of Civil Procedure on Monday, March 04, 2024 at 10:00 a.m. Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. Please dial (888) 808-6929; access code 9781335 . Initial Conference |

| | | set for 3/4/2024 at 10:00 AM before Magistrate Judge Valerie Figueredo. (Signed by Magistrate Judge Valerie Figueredo on 1/29/2024) (rro) (Entered: 01/29/2024) |
|---|---|---|
| 01/29/2024 | 45 | MEMO ENDORSEMENT granting 43 Motion for Extension of Time to File Response/Reply re 43 FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6).* addressed to Magistrate Judge Valerie Figueredo from Eric Eisenberg dated January. ENDORSEMENT: Application Granted. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 43. Replies due by 2/29/2024. (Signed by Magistrate Judge Valerie Figueredo on 1/29/2024) (rro) (Entered: 01/29/2024) |
| 02/06/2024 | 46 | LETTER MOTION to Stay *discovery pending determination of motions to dismiss* addressed to Magistrate Judge Valerie Figueredo from Kerri Devine and Genan F. Zilkha dated February 6, 2024. Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Zilkha, Genan) (Entered: 02/06/2024) |
| 02/07/2024 | 47 | ORDER granting 46 Letter Motion to Stay re: 46 LETTER MOTION to Stay *discovery pending determination of motions to dismiss* addressed to Magistrate Judge Valerie Figueredo from Kerri Devine and Genan F. Zilkha dated February 6, 2024. Application Granted. The motion for a stay of discovery pending resolution of Defendants' motion to dismiss is granted because Defendants have shown good cause for a stay. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 46. (Signed by Magistrate Judge Valerie Figueredo on 2/7/2024) (rro) (Entered: 02/07/2024) |
| 02/15/2024 | 48 | FIRST LETTER MOTION to Stay re: 47 Order on Motion to Stay,, 44 Order for Initial Pretrial Conference,, *Initial Case Management Conference* addressed to Magistrate Judge Valerie Figueredo from Kerri Devine and Genan F. Zilkha dated February 15, 2024. Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Zilkha, Genan) (Entered: 02/15/2024) |
| 02/19/2024 | 49 | LETTER MOTION for Extension of Time addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 02/19/2023. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 02/19/2024) |
| 02/19/2024 | 50 | ***SELECTED PARTIES*** LETTER MOTION for Extension of Time addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 02/19/2024. Document filed by Mohamed John Akhtar, Eric Adams.Motion or Order to File Under Seal: 19 .(Iannarelli, Anthony) (Entered: 02/19/2024) |
| 02/19/2024 | 51 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Valerie Figueredo from ERIC EISENBERG dated February 19, 2024 re: 49 LETTER MOTION for Extension of Time addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 02/19/2023. . Document filed by Eric Eisenberg.. (Eisenberg, Eric) (Entered: 02/19/2024) |
| 02/21/2024 | 52 | ORDER granting 48 Letter Motion to Stay re: 48 FIRST LETTER MOTION to Stay re: 47 Order on Motion to Stay,, 44 Order for Initial Pretrial Conference,, *Initial Case* |

52

SDNY CM/ECF NextGen Version 1.8.5 — 5/4/26, 3:23 PM

| | | | |
|---|---|---|---|
| | | | *Management Conference* addressed to Magistrate Judge Valerie Figueredo from Kerri Devine and Genan F. Zilkha dated F. Application Granted. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 48. (Signed by Magistrate Judge Valerie Figueredo on 2/21/2024) (rro) (Entered: 02/21/2024) |
| 02/21/2024 | 53 | | LETTER MOTION for Extension of Time addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 02/21/2024. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 02/21/2024) |
| 02/23/2024 | 54 | | ORDER granting 53 Letter Motion for Extension of Time. Application Granted. Plaintiffs' request for an extension is GRANTED. Plaintiffs' counsel has provided good cause for the extension request as detailed in ECF No. 50. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 49, 50, and 53. (Signed by Magistrate Judge Valerie Figueredo on 2/21/2024) (rro) (Entered: 02/23/2024) |
| 02/24/2024 | 55 | | SECOND LETTER MOTION for Extension of Time to File Response/Reply *in support of Eric Eisenberg's Motion to Dismiss* addressed to Magistrate Judge Valerie Figueredo from Eric Eisenberg dated February 24, 2024. Document filed by Eric Eisenberg. (Attachments: # 1 Exhibit 1 - Correspondence with Mr. Ianarelli). (Eisenberg, Eric) (Entered: 02/24/2024) |
| 02/26/2024 | 56 | | ORDER granting 55 Letter Motion for Extension of Time to File Response/Reply re 55 SECOND LETTER MOTION for Extension of Time to File Response/Reply *in support of Eric Eisenberg's Motion to Dismiss* addressed to Magistrate Judge Valerie Figueredo from Eric Eisenberg dated February 24, 2024. Application Granted. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 55. Replies due by 3/28/2024.. (Signed by Magistrate Judge Valerie Figueredo on 2/26/2024) (rro) (Entered: 02/26/2024) |
| 03/08/2024 | 57 | | LETTER MOTION to Seal *(unseal docket item 50)* addressed to Magistrate Judge Valerie Figueredo from ERIC EISENBERG dated March 8, 2024. Document filed by Eric Eisenberg. (Attachments: # 1 Exhibit 1 - Correspondence with Mr. Iannarelli). (Eisenberg, Eric) (Entered: 03/08/2024) |
| 03/11/2024 | 58 | | LETTER RESPONSE to Motion addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 03/11/2024 re: 57 LETTER MOTION to Seal *(unseal docket item 50)* addressed to Magistrate Judge Valerie Figueredo from ERIC EISENBERG dated March 8, 2024. *Opposition to Motion and request for conference.* Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 03/11/2024) |
| 03/11/2024 | 59 | | LETTER REPLY to Response to Motion addressed to Magistrate Judge Valerie Figueredo from ERIC EISENBERG dated March 11, 2024 re: 57 LETTER MOTION to Seal *(unseal docket item 50)* addressed to Magistrate Judge Valerie Figueredo from ERIC EISENBERG dated March 8, 2024. . Document filed by Eric Eisenberg.. (Eisenberg, Eric) (Entered: 03/11/2024) |
| 03/13/2024 | 60 | | ORDER: Plaintiffs' counsel is therefore directed to submit any renewed request to seal his letter at ECF No. 50 that makes a sufficient showing under Lugosch by no later than April 5, 2024. The Clerk of Court is respectfully directed to maintain ECF No. 50 |

53

under seal for the time being. In filings from both Plaintiffs' counsel and Defendant Eisenberg, there appears to be confusion about the briefing schedule for the pending motion to dismiss. The prior deadline for Plaintiffs' opposition was March 9, 2024. The Court hereby extends that deadline to April 9, 2024. Any replies from Defendants are new due April 16, 2024. Lastly, in his letter at ECF No. 58, Plaintiffs' counsel raises the idea of settling the claims in this case. A pre-settlement conference call to discuss the potential for a settlement conference is scheduled for Tuesday, April 30, 2024 at 10:00 a.m. Counsel for the parties are directed to call Judge Figueredos AT&T conference line at the scheduled time. Please dial (888) 808-6929; access code 9781335 . SO ORDERED. (Signed by Magistrate Judge Valerie Figueredo on 3/13/2024) ( Responses due by 4/9/2024, Replies due by 4/16/2024., Telephone Conference set for 4/30/2024 at 10:00 AM before Magistrate Judge Valerie Figueredo.) (ks) (Entered: 03/13/2024)

| Date | No. | Description |
|---|---|---|
| 04/05/2024 | 61 | LETTER MOTION to Continue *rescinding sealing of document* addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/05/2024. Document filed by Mohamed John Akhtar. (Attachments: # 1 Supplement Letter from medical doctor).(Iannarelli, Anthony) (Entered: 04/05/2024) |
| 04/06/2024 | 62 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Valerie Figueredo from Eric Eisenberg dated April 6, 2024 re: 61 LETTER MOTION to Continue *rescinding sealing of document* addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/05/2024. *(Opposition to Plaintiffs' procedurally improper request for reconsideration of March 13, 2024 order denying in-person settlement conference)*. Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 04/06/2024) |
| 04/09/2024 | 63 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/09/2024. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 04/09/2024) |
| 04/10/2024 | 64 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Valerie Figueredo from Eric Eisenberg dated April 10, 2024 re: 63 LETTER MOTION for Extension of Time to File Response/Reply addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/09/2024. . Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 04/10/2024) |
| 04/10/2024 | 65 | LETTER MOTION for Extension of Time to File addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/10/2024. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 04/10/2024) |
| 04/11/2024 | 66 | ORDER granting 57 Letter Motion to Seal; terminating 61 Letter Motion to Continue; granting 63 Letter Motion for Extension of Time to File Response/Reply re 57 LETTER MOTION to Seal *(unseal docket item 50)* addressed to Magistrate Judge Valerie Figueredo from ERIC EISENBERG dated March 8, 2024., 61 LETTER MOTION to Continue *rescinding sealing of document* addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/05/2024., 63 LETTER MOTION for Extension of Time to File Response/Reply addressed to Magistrate Judge Valerie |

54

Figueredo from Anthony Iannarelli dated 04/09/2024., 65 LETTER MOTION for Extension of Time to File addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/10/2024.; terminating 65 Letter Motion for Extension of Time to File. In a separate letter, Plaintiffs' counsel requested another extension of time for Plaintiffs to file their response in opposition to the pending motion to dismiss. See ECF No. 63. The letter states that the City Defendants do not oppose the extension request, but Defendant Eric Eisenberg filed a letter opposing the request. See ECF No. 64. The extension requested by Plaintiffs' counsel is hereby granted. The deadline for Plaintiffs to file their opposition is now April 17, 2024. Any replies from Defendants are now due May 1, 2024. Lastly, in one of his letters, Plaintiffs' counsel also requested the Court amend the scheduled telephonic conference to an in-person meeting to aid settlement discussions. See ECF No. 61. The Court directs the Parties to the Court's previous Order to clarify that this scheduled conference is a pre-settlement conference, which will be an informal call to discuss the Parties' stance on settlement discussions and to schedule the settlement conference, which will occur in person. See ECF No. 60 The pre-settlement conference call to discuss the potential for a settlement conference thereby remains scheduled for Tuesday, April 30, 2024 at 10:00 a.m. Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. Please dial (888) 808-6929; access code 9781335 . The Clerk of Court is respectfully directed to terminate the Motions at ECF Nos. 57, 61, 63, and 65. Additionally, the Clerk of Court is respectfully directed to remove the viewing restrictions on ECF No. 50. (Responses due by 4/17/2024, Replies due by 5/1/2024.)(Signed by Magistrate Judge Valerie Figueredo on 4/11/2024) (rro) (Entered: 04/11/2024)

| Date | No. | Entry |
|---|---|---|
| 04/11/2024 | | Set/Reset Hearings: Telephone Conference set for 4/30/2024 at 10:00 AM before Magistrate Judge Valerie Figueredo. (rro) (Entered: 04/11/2024) |
| 04/18/2024 | 67 | REPLY AFFIRMATION of Anthony Iannarelli in Opposition re: 41 FIRST MOTION to Dismiss *the Complaint*.. Document filed by Mohamed John Akhtar. (Attachments: # 1 Exhibit Declaration by Anthony Iannarelli Esq., # 2 Exhibit Declaration of Mohamed John Akhtar).(Iannarelli, Anthony) (Entered: 04/18/2024) |
| 04/22/2024 | 68 | REPLY MEMORANDUM OF LAW in Support re: 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*. . Document filed by Eric Eisenberg.. (Eisenberg, Eric) (Entered: 04/22/2024) |
| 04/22/2024 | 69 | REPLY AFFIRMATION of Eric Eisenberg in Support re: 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*.. Document filed by Eric Eisenberg. (Attachments: # 1 Exhibit 1 - Correspondence between Counsel Iannarelli and OATH, # 2 Exhibit 2 - Document Showing La Buca Rescheduling Non-Noise Summons out of Default, # 3 Exhibit 3 - Summary Document Showing OATH Hearings Division Processing Over 19 Million Summonses, # 4 Exhibit 4 - Cited Lombardo Decision, # 5 Exhibit 5 - OATH Documents re October 11 2022 Neighborhood Summonses, # 6 Exhibit 6 - OATH Documents re Selected Dismissals of 244b Noise Summonses, # 7 Exhibit 7 - OATH Documents Showing Success by La Buca in Fighting (Non-Noise) Summonses at OATH).(Eisenberg, Eric) (Entered: 04/22/2024) |
| 04/30/2024 | | Minute Entry for proceedings held before Magistrate Judge Valerie Figueredo: Status |

55

| | | Conference held on 4/30/2024. (sjo) (Entered: 04/30/2024) |
|---|---|---|
| 04/30/2024 | 70 | ORDER: A settlement conference in this matter is scheduled for Monday, September 23, 2024 at 2:00 p.m., in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, New York. Parties must attend the settlement conference, accompanied by that party's attorney, and corporate parties must send a representative with decision making authority to settle the matter to the conference. Plaintiff is required to make a demand prior to the conference, and Defendant must respond to that demand, prior to the conference. The parties are instructed to prepare pre-conference submissions in accordance with the Judge Figueredo's Standing Order Applicable to Settlement Conferences (located at https://www.nysd.uscourts.gov/hon-valerie-figueredo). Pre-conference submissions must be received by the Court no later than September 16, 2024. Settlement Conference set for 9/23/2024 at 02:00 PM in Courtroom 17A, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Valerie Figueredo. (Signed by Magistrate Judge Valerie Figueredo on 4/30/2024) (rro) (Entered: 04/30/2024) |
| 05/01/2024 | 71 | REPLY MEMORANDUM OF LAW in Support re: 41 FIRST MOTION to Dismiss *the Complaint.* . Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Devine, Kerri) (Entered: 05/01/2024) |
| 06/05/2024 | 72 | REPORT AND RECOMMENDATION re: 41 FIRST MOTION to Dismiss *the Complaint.* filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection, 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6).* filed by Eric Eisenberg Objections to R&R due by 6/20/2024. For the foregoing reasons, I respectfully recommend that Eisenberg's motion to dismiss be GRANTED. I further recommend that the City Defendants' motion to dismiss also be GRANTED. As to Counts I and IV in the complaint, I recommend that the claims be dismissed with prejudice. And as to Counts II, III, and V, I recommend that those counts be dismissed without prejudice and that Plaintiffs be granted leave to amend. (Signed by Magistrate Judge Valerie Figueredo on 6/5/2024) (rro) (Entered: 06/05/2024) |
| 06/20/2024 | 73 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** APPEAL OF MAGISTRATE JUDGE DECISION to District Court from 72 Report and Recommendations.,,,. Document filed by Eric Eisenberg. Copies of Appeal of Magistrate Judge Decision to District Court served on Attorney(s) of Record: June 20 2024..(Eisenberg, Eric) Modified on 6/21/2024 (tp). (Entered: 06/20/2024) |
| 06/21/2024 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Eric Eisenberg to RE-FILE Document 73 Appeal of Magistrate Judge Decision to District Court. Use the event type Objection to Report and Recommendations found under the event list Other Answers. (tp) (Entered: 06/21/2024)** |
| 06/21/2024 | 74 | OBJECTION to 72 Report and Recommendations (*re-filing of June 20, 2024 filing due to court notice as to appropriate ECF event identification) (limited objections as to recommendation that dismissals of certain claims be without prejudice and with leave to amend)* Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 06/21/2024) |
| 06/21/2024 | 75 | RESPONSE to Motion re: 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2),* |

56

SDNY CM/ECF NextGen Version 1.8.5                                                                    5/4/26, 3:23 PM

| | | |
|---|---|---|
| | | *(4), (5) and (6)*. . Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 06/21/2024) |
| 06/21/2024 | 76 | OBJECTION to 72 Report and Recommendations Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 06/21/2024) |
| 06/21/2024 | 77 | LETTER MOTION for Extension of Time to File addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 06/21/2024. Document filed by Mohamed John Akhtar. (Attachments: # 1 Exhibit Letter from medical doctor).(Iannarelli, Anthony) (Entered: 06/21/2024) |
| 06/21/2024 | 78 | MOTION to Serve *Service of Letter Motion and Opposition*. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 06/21/2024) |
| 06/22/2024 | 79 | LETTER RESPONSE in Opposition to Motion addressed to Judge Jessica G. L. Clarke from Eric Eisenberg dated June 22, 2024 re: 77 LETTER MOTION for Extension of Time to File addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 06/21/2024. . Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 06/22/2024) |
| 06/24/2024 | 80 | LETTER MOTION for Extension of Time addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 6/24/2024. Document filed by Mohamed John Akhtar.. (Iannarelli, Anthony) (Entered: 06/24/2024) |
| 06/25/2024 | 81 | ORDER terminating 77 Letter Motion for Extension of Time to File ; terminating 78 Motion to Serve ; terminating 80 Letter Motion for Extension of Time. The Court will consider Plaintiff's belated objection (ECF No. 76) to the R&R (ECF No. 72) in light of counsel's medical circumstances and because the motion to dismiss is case dispositive and there is no prejudice to Defendants in doing so. The Court will also consider the objection to the R&R by pro se Defendant Eric I. Eisenberg, which was also filed on June 21, 2024. See ECF No. 74. The parties are advised that further untimely filings will not be considered and that further extension requests that violate this Courts Individual Rules will not be granted. The Clerk of Clerk is directed to terminate ECF Nos. 77, 78 and 80. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 6/24/2024) (tg) (Entered: 06/25/2024) |
| 06/25/2024 | 82 | LETTER MOTION to Reopen re: 79 Response in Opposition to Motion, 81 Order on Motion for Extension of Time to File, Order on Motion to Serve,,,,,,,,,,, *(Letter Request for Clarification)* addressed to Judge Jessica G. L. Clarke from Eric Eisenberg dated June 25, 2024. Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 06/25/2024) |
| 07/02/2024 | 83 | RESPONSE re: 76 Objection to Report and Recommendations . Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Devine, Kerri) (Entered: 07/02/2024) |
| 07/05/2024 | 84 | RESPONSE re: 76 Objection to Report and Recommendations . Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 07/05/2024) |
| 08/19/2024 | 85 | ORDER ADOPTING REPORT AND RECOMMENDATION for 72 Report and Recommendations on 41 Motion to Dismiss filed by Eric Adams, Rohit T Aggarwala, |

57

| | | |
|---|---|---|
| | | New York City Department of Environmental Protection, <u>24</u> Motion to Dismiss filed by Eric Eisenberg, <u>82</u> Motion to Reopen, filed by Eric Eisenberg. Plaintiffs shall have one opportunity to amend with respect to Counts II, III, and V of the Complaint. Thus, the R&R is ADOPTED in its entirety. Counts I and IV of the Complaint are DISMISSED with prejudice. Counts II, III, and V are DISMISSED without prejudice. The deadline for Plaintiffs to file a second amended complaint in compliance with this Order is September 16, 2024. The Clerk of Court is directed to terminate ECF Nos. 24, 41 and 82. SO ORDERED. ( Amended Pleadings due by 9/16/2024.) (Signed by Judge Jessica G. L. Clarke on 8/19/2024) (vfr) (Entered: 08/19/2024) |
| 08/27/2024 | 86 | ORDER RESCHEDULING SETTLEMENT CONFERENCE: A settlement conference in this matter is rescheduled for Monday, September 23, 2024 at 10:00 a.m., in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, New York. Parties must attend the settlement conference, accompanied by that party's attorney, and corporate parties must send a representative with decision making authority to settle the matter to the conference. Plaintiff is required to make a demand prior to the conference, and Defendant must respond to that demand, prior to the conference. The parties are instructed to prepare pre-conference submissions in accordance with the Judge Figueredo's Standing Order Applicable to Settlement Conferences (located at https://www.nysd.uscourts.gov/hon-valerie-figueredo). Pre-conference submissions must be received by the Court no later than September 16, 2024.SO ORDERED. (Settlement Conference set for 9/23/2024 at 10:00 AM in Courtroom 17A, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Valerie Figueredo.) (Signed by Magistrate Judge Valerie Figueredo on 8/27/2024) (sgz) (Entered: 08/27/2024) |
| 09/03/2024 | 87 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** NOTICE OF APPEAL TO THE FEDERAL CIRCUIT. Form 7 and Form 22 are due within 14 days. Document filed by Mohamed John Akhtar. Filing fee $ 605.00, receipt number ANYSDC-29834641..(Iannarelli, Anthony) Modified on 9/3/2024 (tp). Modified on 9/3/2024 (tp). (Entered: 09/03/2024) |
| 09/03/2024 | 88 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** NOTICE OF APPEAL TO THE FEDERAL CIRCUIT from <u>85</u> Order Adopting Report and Recommendations, Set Deadlines,,,,,,. Form 7 and Form 22 are due within 14 days. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) Modified on 9/3/2024 (tp). (Entered: 09/03/2024) |
| 09/03/2024 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Anthony Iannarelli to RE-FILE Document <u>87</u> Notice of Appeal to the Federal Circuit. Use the event type Notice (Other) found under the event list Notices. (tp) (Entered: 09/03/2024) |
| 09/03/2024 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Anthony Iannarelli to RE-FILE Document <u>88</u> Notice of Appeal to the Federal Circuit. Use the event type Affidavit of Service Other found under the event list Service of Process. (tp) (Entered: 09/03/2024) |



| 09/03/2024 | 89 | NOTICE of Proof of Service By Affirmatoin re: 85 Order Adopting Report and Recommendations, Set Deadlines,,,,,,. Document filed by Mohamed John Akhtar.. (Iannarelli, Anthony) (Entered: 09/03/2024) |
| --- | --- | --- |
| 09/03/2024 | 90 | AFFIDAVIT OF SERVICE of Proof of Service by Attorney Affirmation served on Eric Adams, Rohit T. Aggarwala, New York City Deparment of Environmental Protection, Eric M. Eisenberg on 09/03/2024. Service was made by Mail. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 09/03/2024) |
| 09/03/2024 | 91 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** NOTICE OF APPEAL TO THE FEDERAL CIRCUIT from 85 Order Adopting Report and Recommendations, Set Deadlines,,,,,,. Form 7 and Form 22 are due within 14 days. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) Modified on 9/4/2024 (tp). (Entered: 09/03/2024) |
| 09/03/2024 | 92 | NOTICE OF APPEAL from 85 Order Adopting Report and Recommendations, Set Deadlines,,,. Document filed by Mohamed John Akhtar. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Iannarelli, Anthony) (Entered: 09/03/2024) |
| 09/03/2024 | 93 | AFFIDAVIT OF SERVICE of A Notice of Appeal of Order served on Eric Adams, Rohit T. Aggarwala, New York City Deparment of Environmental Protection, Eric M. Eisenberg on 09/03/2024. Service was made by Mail and electronic filing. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 09/03/2024) |
| 09/04/2024 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Anthony Iannarelli to RE-FILE Document 91 Notice of Appeal to the Federal Circuit. Use the event type Notice (Other) found under the event list Notices. (tp) (Entered: 09/04/2024) |
| 09/04/2024 | | Appeal Fee Paid electronically via Pay.gov: for 92 Notice of Appeal. Filing fee $ 605.00. Pay.gov receipt number ANYSDC-29834641, paid on 9/3/2024. (tp) (Entered: 09/04/2024) |
| 09/04/2024 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 92 Notice of Appeal. (tp) (Entered: 09/04/2024) |
| 09/04/2024 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 92 Notice of Appeal filed by Mohamed John Akhtar were transmitted to the U.S. Court of Appeals. (tp) (Entered: 09/04/2024) |
| 09/04/2024 | 94 | NOTICE of Permission to File Interlocutory Appeal re: 85 Order Adopting Report and Recommendations, Set Deadlines,,,,,,. Document filed by Mohamed John Akhtar.. (Iannarelli, Anthony) (Entered: 09/04/2024) |
| 09/04/2024 | 95 | NOTICE of Correct typographical errors in Permission fo Interlocatory Appeal re: 85 Order Adopting Report and Recommendations, Set Deadlines,,,,,,. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 09/04/2024) |
| 09/04/2024 | 96 | AFFIDAVIT OF SERVICE of Amended Request to File Interlocutory Aooeal served on Eric Adams, Rohit T. Aggarwala, New York City Deparment of Environmental |



| | | |
|---|---|---|
| | | Protection, Eric M. Eisenberg on 09/04/2024. Service was made by Mail & electronic service. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 09/04/2024) |
| 09/06/2024 | 97 | LETTER MOTION to Adjourn Conference addressed to Magistrate Judge Valerie Figueredo from Kerri A.Devine dated September 6, 2024. Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection.. (Devine, Kerri) (Entered: 09/06/2024) |
| 09/10/2024 | 98 | ORDER ADJOURNING SETTLEMENT CONFERENCE granting 97 Letter Motion to Adjourn Conference In light of the Court's order dismissing Plaintiffs' claims, ECF No. 85, the settlement conference in this matter currently scheduled for September 23, 2024 at 10:00 a.m. is hereby adjourned. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 97. SO ORDERED. (Signed by Magistrate Judge Valerie Figueredo on 9/10/2024) (jca) (Entered: 09/10/2024) |
| 09/16/2024 | 99 | **FILING ERROR - DEFICIENT PLEADING - FILED AGAINST PARTY ERROR** AMENDED COMPLAINT amending 1 Complaint, against Eric Eisenberg with JURY DEMAND.Document filed by Mohamed John Akhtar. Related document: 1 Complaint,..(Iannarelli, Anthony) Modified on 9/17/2024 (jgo). (Entered: 09/16/2024) |
| 09/16/2024 | 100 | **FILING ERROR - SUMMONS REQUESTED - WRONG EVENT TYPE SELECTED FROM MENU - REQUEST FOR ISSUANCE OF AMENDED SUMMONS** as to Eric M Eisenberg, re: 99 Amended Complaint. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) Modified on 9/17/2024 (jgo). (Entered: 09/16/2024) |
| 09/16/2024 | 101 | **FILING ERROR - SUMMONS REQUESTED - WRONG EVENT TYPE SELECTED FROM MENU - REQUEST FOR ISSUANCE OF AMENDED SUMMONS** as to Eric M Eisenberg, re: 99 Amended Complaint. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) Modified on 9/17/2024 (jgo). (Entered: 09/16/2024) |
| 09/17/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING.** Notice to Attorney Anthony Nicholas Iannarelli, Jr to RE-FILE re: Document No. 99 Amended Complaint,. The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM ECF; John and Jane Does One through Thirty were previously terminated and must be added as a new party; all of the filers were not selected for the pleading; all of the wrong parties whom the pleading is against were not selected. Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating Documents.. Re-file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (jgo) (Entered: 09/17/2024) |
| 09/17/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS.** Notice to Attorney Anthony Nicholas Iannarelli, Jr |

| | | |
|---|---|---|
| | | to RE-FILE Document No. 101 Request for Issuance of Amended Summons, 100 Request for Issuance of Amended Summons,. The filing is deficient for the following reason(s): the wrong event type was used to file the request for issuance of summons; all of the filers were not selected for the request for issuance of summons; the summons request was not processed due to deficient pleading. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (jgo) (Entered: 09/17/2024) |
| 09/18/2024 | 102 | **FILING ERROR SUMMONS NOT LINKED TO CORRESPONDING PLEADING- REQUEST FOR ISSUANCE OF AMENDED SUMMONS** as to Eric M Eisenberg, re: 99 Amended Complaint,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) Modified on 9/19/2024 (pc). (Entered: 09/18/2024) |
| 09/18/2024 | 103 | **FILING ERROR SUMMONS NOT LINKED TO CORRESPONDING PLEADING- REQUEST FOR ISSUANCE OF AMENDED SUMMONS** as to Eric M Eisenberg, re: 99 Amended Complaint,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) Modified on 9/19/2024 (pc). (Entered: 09/18/2024) |
| 09/19/2024 | | \*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Anthony Nicholas Iannarelli to RE-FILE Document No. 103 Request for Issuance of Amended Summons, 102 Request for Issuance of Amended Summons,. The filing is deficient for the following reason(s): the wrong event type was used to file the request for issuance of summons; the summons request was not processed due to deficient pleading;. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (pc) (Entered: 09/19/2024) |
| 10/07/2024 | 104 | AMENDED COMPLAINT amending 99 Amended Complaint, against Eric M. Eisenberg, John and Jane Does One through Thirty with JURY DEMAND.Document filed by La Buca Restaurant, Inc., Mohamed John Akhtar. Related document: 99 Amended Complaint,..(Iannarelli, Anthony) Modified on 10/8/2024 (vf). Modified on 10/10/2024 (gp). (Entered: 10/07/2024) |
| 10/07/2024 | 105 | REQUEST FOR ISSUANCE OF SUMMONS as to Eric M Eisenberg, re: 104 Amended Complaint,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) Modified on 10/8/2024 (vf). Modified on 10/10/2024 (gp). (Entered: 10/07/2024) |
| 10/07/2024 | 106 | **FILING ERROR - PDF ERROR** REQUEST FOR ISSUANCE OF SUMMONS as to Eric M Eisenberg, re: 104 Amended Complaint,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) Modified on 10/8/2024 (vf). Modified on 10/10/2024 (gp). Modified on 10/10/2024 (gp). (Entered: 10/07/2024) |
| 10/10/2024 | 107 | ELECTRONIC SUMMONS ISSUED as to Eric M. Eisenberg..(gp) (Entered: 10/10/2024) |

61

| | | |
|---|---|---|
| 10/10/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Anthony Nicholas Iannarelli to RE-FILE Document No. 106 Request for Issuance of Summons,. The filing is deficient for the following reason(s): party name on the TO section of the PDF does not match the entire name of the party on the pleading/docket. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (gp) (Entered: 10/11/2024) |
| 10/11/2024 | 108 | FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR - REQUEST FOR ISSUANCE OF SUMMONS as to Eric M Eisenberg, re: 104 Amended Complaint,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) Modified on 10/15/2024 (pc). (Entered: 10/11/2024) |
| 10/15/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Anthony Nicholas Iannarelli to RE-FILE Document No. 108 Request for Issuance of Summons,. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; Party name contains a typo;. Re-file the document using the event type Request for Issuance of Amended Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (pc) (Entered: 10/15/2024) |
| 10/16/2024 | 109 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU AFFIDAVIT OF SERVICE served on Eric M Eisenberg. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc.. REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Eric M Eisenberg, re: 104 Amended Complaint. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) Modified on 10/17/2024 (sj). (Entered: 10/16/2024) |
| 10/17/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Anthony Nicholas Iannarelli, Jr to RE-FILE Document No. 109 Affidavit of Service Other, Request for Issuance of Amended Summons. The filing is deficient for the following reason(s): the wrong event type was used to file the request for issuance of summons. Re-file the document using the event type Request for Issuance of Amended Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (sj) (Entered: 10/17/2024) |
| 10/29/2024 | 110 | FILING ERROR - SUMMONS REQUEST PDF ERROR - REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Eric M Eisenberg, re: 104 Amended Complaint,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc... (Iannarelli, Anthony) Modified on 10/30/2024 (jgo). (Entered: 10/29/2024) |
| 10/30/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Anthony Nicholas Iannarelli to RE-FILE Document No. 110 Request for Issuance of Amended Summons,. The filing is deficient for the following reason(s): the PDF attached to the docket entry |

62

| | | |
|---|---|---|
| | | for the issuance of summons is not correct; do not modify the form;. Re-file the document using the event type Request for Issuance of Amended Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (jgo) (Entered: 10/30/2024) |
| 11/14/2024 | 111 | REQUEST FOR ISSUANCE OF SUMMONS as to Eric M. Eisenberg, re: 104 Amended Complaint,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 11/14/2024) |
| 11/14/2024 | 112 | ELECTRONIC AMENDED SUMMONS ISSUED as to Eric M. Eisenberg..(gp) (Entered: 11/14/2024) |
| 11/30/2024 | 113 | NOTICE of Removal of Case from State Court. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 11/30/2024) |
| 12/21/2024 | 114 | NOTICE of Amended Removal of State Court Case. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc.. (Attachments: # 1 Exhibit State Court Complaint).(Iannarelli, Anthony) (Entered: 12/21/2024) |
| 12/21/2024 | 115 | CERTIFICATE OF SERVICE of Amended Notice of Removal served on Hon. Peter Sorrentino, Acting Clerk of the Court, NYS Supreme, Civil Term, Genan Faye Zilkha, Kerri Ann Devine, William J. Cortellesa, & Eric M Eisenberg on 12/21/2021. Service was made by Mail & electronic service. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 12/21/2024) |
| 01/21/2025 | 116 | ORDER: Plaintiff's deadline to serve the amended complaint on Defendants under Federal Rule of Civil Procedure 4(m) was January 5, 2025. Plaintiff is directed to file a certificate of service of the amended complaint on Defendants by January 31, 2025. (Signed by Magistrate Judge Valerie Figueredo on 1/21/2025) (rro) (Entered: 01/21/2025) |
| 01/31/2025 | 117 | FIRST LETTER MOTION for Extension of Time *Judicail Notice of Service, or, alternatiive service* addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 01/31/2025. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc.. (Attachments: # 1 Exhibit Declaration of Sarah Hayes).(Iannarelli, Anthony) (Entered: 01/31/2025) |
| 02/02/2025 | 118 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated February 2, 2025 re: 117 FIRST LETTER MOTION for Extension of Time *Judicail Notice of Service, or, alternatiive service* addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 01/31/2025. . Document filed by Eric M. Eisenberg. (Attachments: # 1 Affidavit or Declaration of Eric M. Eisenberg accompanying Letter Response).(Eisenberg, Eric) (Entered: 02/02/2025) |
| 02/05/2025 | 119 | ORDER granting 117 Letter Motion for Extension of Time. Therefore, the automatic NEF Eisenberg received upon Plaintiffs' filing of the amended complaint constituted service on Eisenberg. Eisenberg is thus directed to respond to the amended complaint by March 4, 2025. The Clerk of Court is directed to terminate the gavel at ECF No. 117. (Signed by Magistrate Judge Valerie Figueredo on 2/5/2025) (rro) (Entered: 02/05/2025) |

| | | |
|---|---|---|
| 02/05/2025 | | Set/Reset Deadlines: Eric M. Eisenberg answer due 3/4/2025; John and Jane Does One through Thirty answer due 3/4/2025. (rro) (Entered: 02/05/2025) |
| 02/05/2025 | 120 | Objection re: 119 Order on Motion for Extension of Time, *pursuant to Fed.R.Civ.P 72(a)*. Document filed by Eric M. Eisenberg. (Attachments: # 1 Exhibit 1 - Altshuler ECF Participation, # 2 Exhibit 2 - Ndugga Service on Bloomberg).(Eisenberg, Eric) (Entered: 02/05/2025) |
| 02/06/2025 | 121 | AMENDED ORDER: This Order amends the Order at ECF No. 119, which indicated that Defendant Eric M. Eisenberg was properly served via ECF. Eisenberg's objection at ECF No. 120 correctly points out that for an automatic notice of electronic filing via ECF to constitute service, Plaintiffs must have properly served the original complaint on Defendant. Here, however, the original complaint was dismissed for lack of personal jurisdiction, because Plaintiffs failed to properly effectuate service on Eisenberg. See ECF No. 72; ECF No. 85. Although Plaintiffs have attempted to serve Eisenberg several times, Plaintiffs do not appear to have attempted service at Eisenberg's Miami, Florida address (see ECF No. 117), which is listed on the docket. Plaintiffs' request for an extension of time to serve Eisenberg is GRANTED. Plaintiffs are directed to effect service on Eisenberg by March 10, 2025. If Plaintiffs are unable to effectuate service by March 10, Plaintiffs should submit a letter to the Court, explaining their attempts at effectuating service on Eisenberg at the Miami address. ( Service due by 3/10/2025.) (Signed by Magistrate Judge Valerie Figueredo on 2/6/2025) (rro) (Entered: 02/07/2025) |
| 02/07/2025 | 122 | Objection re: 121 Order,,,,,, Set Deadlines/Hearings,,,,, *with respect to grant of procedurally improper and falsified-in-part motion for extension of time*. Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 02/07/2025) |
| 02/12/2025 | 123 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** SUMMONS RETURNED EXECUTED Summons and Amended Complaint, served. Service was accepted by n/a. Service was made by n/a. Document filed by La Buca Restaurant, Inc., Mohamed John Akhtar. (Attachments: # 1 Affidavit Unsuccessful Service).(Iannarelli, Anthony) Modified on 2/13/2025 (lb). (Entered: 02/12/2025) |
| 02/13/2025 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Anthony Nicholas Iannarelli to RE-FILE Document 123 Summons Returned Executed,. Use the event type Summons Returned Unexecuted found under the event list Service of Process. (lb) (Entered: 02/13/2025)** |
| 02/14/2025 | 124 | SUMMONS RETURNED UNEXECUTED as to Eric M. Eisenberg. Attempted Service of Summons and Amended Complaint,. Service was attempted on January 16, 17, & 18, 2025. Document filed by La Buca Restaurant, Inc., Mohamed John Akhtar. (Attachments: # 1 Affidavit Unsuccessful Service).(Iannarelli, Anthony) (Entered: 02/14/2025) |
| 02/18/2025 | 125 | FIRST RESPONSE re: 121 Order, Set Deadlines/Hearings,,,,,,,,, . Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 02/18/2025) |

| 02/18/2025 | 126 | Objection re: 122 Objection (non-motion) *Plaintiffs-No objecction to magistrate's.* Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 02/18/2025) |
| 02/18/2025 | 127 | LETTER MOTION for Leave to File Paper Responding to False or Misleading Factual Assertions in Plaintiff's Filings at D.I. 125 / 126 addressed to Judge Jessica G. L. Clarke from Eric M. Eisenberg dated February 18, 2025. Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 02/18/2025) |
| 02/20/2025 | 128 | LETTER addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated February 20, 2025 re: Resonse to defendant Eisenberg's letter/motion of 02.18.2025. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 02/20/2025) |
| 02/20/2025 | 129 | RESPONSE re: 126 Objection (non-motion) *Corrected No objection to Amended Order of February 6, 2025.* Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 02/20/2025) |
| 02/21/2025 | 130 | LETTER REPLY to Response to Motion addressed to Judge Jessica G. L. Clarke from Eric M. Eisenberg dated February 21, 2025 re: 127 LETTER MOTION for Leave to File Paper Responding to False or Misleading Factual Assertions in Plaintiff's Filings at D.I. 125 / 126 addressed to Judge Jessica G. L. Clarke from Eric M. Eisenberg dated February 18, 2025. . Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 02/21/2025) |
| 02/26/2025 | 131 | ORDER denying as moot 127 Letter Motion for Leave to File Document. Defendant Eric M. Eisenberg objects to Magistrate Judge Figueredo's Order at ECF No. 121 granting Plaintiffs' motion for an extension of time to serve the Amended Complaint. ECF No. 122. 'Magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." In re Hulley Enterprises Ltd., 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) (internal citation and quotation marks omitted). The standard of review is "clearly erroneous or contrary to law." Id. In other words, to reject Judge Figueredo's decision, this Court must find a "definite and firm conviction that a mistake has been committed," or find that the ruling "fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id. (cleaned up). Neither is the case here. Judge Figueredo's decision to grant an extension of time will remain undisturbed. And, Defendant's request to strike filings related to the order and objection are denied as moot. The Clerk of Court is directed to terminate ECF No. 127. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 2/26/2025) (ar) (Entered: 02/27/2025) |
| 03/10/2025 | 132 | LETTER addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 03/10/2025 re: Status Report on Service in Miami, FL. Document filed by La Buca Restaurant, Inc., Rohit T Aggarwala..(Iannarelli, Anthony) (Entered: 03/10/2025) |
| 03/10/2025 | 133 | AFFIDAVIT OF SERVICE. Eric M. Eisenberg served on 3/10/2025, answer due 3/31/2025. Service was made by Mail. Document filed by La Buca Restaurant, Inc. ; Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 03/10/2025) |

| 03/11/2025 | 134 | RESPONSE re: 132 Letter, 133 Affidavit of Service Complaints . Document filed by Eric M. Eisenberg. (Attachments: # 1 Exhibit Accompanying Declaration of Eric M. Eisenberg w/ Exhibit One).(Eisenberg, Eric) (Entered: 03/11/2025) |
|---|---|---|
| 03/11/2025 | 135 | AFFIDAVIT OF SERVICE of affirmation of Service served on Eric M Eisenberg on 03/11/2025. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc... (Iannarelli, Anthony) (Entered: 03/11/2025) |
| 03/11/2025 | 136 | LETTER MOTION to Compel Anthony N. Iannarelli, Jr. to withdraw *(and addressing false statement in D.I. 135)* addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated March 11, 2025., LETTER MOTION to Substitute Attorney. Old Attorney: Anthony N. Iannarelli, Jr., New Attorney: To Be Determined *(and addressing false statement in D.I. 135)* addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated March 11, 2025. Document filed by Eric M. Eisenberg. (Attachments: # 1 Exhibit Accompanying Declaration of Eric M. Eisenberg in Support).(Eisenberg, Eric) (Entered: 03/11/2025) |
| 03/12/2025 | 137 | LETTER MOTION to Seal *Improperly Filed Documents Containing Information Requiring Redaction (D.I. 126 and D.I. 129)* addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated March 12, 2025. Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 03/12/2025) |
| 03/12/2025 | 138 | AFFIRMATION of Anthony Iannarelli in Opposition re: 137 LETTER MOTION to Seal *Improperly Filed Documents Containing Information Requiring Redaction (D.I. 126 and D.I. 129)* addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated March 12, 2025.. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 03/12/2025) |
| 03/13/2025 | 139 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated March 13, 2025 re: 136 LETTER MOTION to Compel Anthony N. Iannarelli, Jr. to withdraw *(and addressing false statement in D.I. 135)* addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated March 11, 2025. LETTER MOTION to Substitute Attorney. Old Attorney: Anthony N. Iannarelli, Jr., New Attorney: To Be Determined *(and addressing false statement in D.I. 135)* addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated March 11, 2025. Document filed by Eric M. Eisenberg. (Attachments: # 1 Exhibit - Reply Declaration of Eric M. Eisenberg in Further Support of Motion with Attached Exhibit 1).(Eisenberg, Eric) (Entered: 03/13/2025) |
| 03/14/2025 | 140 | MEMO ENDORSEMENT granting 137 Letter Motion to Seal. ENDORSEMENT: The motion to seal is GRANTED. The Clerk of Court is directed to seal the documents at ECF Nos. 126 and 129. Plaintiff is directed to file versions of the documents with the dates redacted by Friday, March 21, 2025. (Signed by Magistrate Judge Valerie Figueredo on 3/14/2025) (rro) (Entered: 03/14/2025) |
| 03/17/2025 | 141 | ORDER: In short, service via an alternative methodnamely, e-mailis appropriate under these circumstances. Plaintiffs are therefore directed to serve Eisenberg at the e-mail address listed on the docket and file a corresponding affidavit of service by Friday, March 21, 2025. (Signed by Magistrate Judge Valerie Figueredo on 3/17/2025) (rro) (Entered: 03/17/2025) |

| 03/18/2025 | 142 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint,. Eric M. Eisenberg served on 3/17/2025, answer due 4/7/2025. Service was made by email. Document filed by La Buca Restaurant, Inc. ; Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 03/18/2025) |
|---|---|---|
| 03/18/2025 | 143 | RESPONSE to Motion re: 137 LETTER MOTION to Seal *Improperly Filed Documents Containing Information Requiring Redaction (D.I. 126 and D.I. 129)* addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated March 12, 2025. *Redacted document for ECF Nos. 126 & 129.* Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 03/18/2025) |
| 03/18/2025 | 144 | LETTER addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 03/18/2025 re: Complince with Order & Apology. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 03/18/2025) |
| 03/19/2025 | 145 | FIRST LETTER MOTION to Compel Eric M. Eisenberg to limit email letters to legal & factual issues *distrubing communications* addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 03/19/2025. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc.. Return Date set for 3/21/2025 at 10:00 AM.. (Iannarelli, Anthony) (Entered: 03/19/2025) |
| 03/19/2025 | 146 | FIRST LETTER MOTION to Compel Eric M. Eisenberg to limit email letters, and other communications, to legal & factual issues ony addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 03/19/2025. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc.. Return Date set for 3/21/2025 at 01:00 PM..(Iannarelli, Anthony) (Entered: 03/19/2025) |
| 03/19/2025 | 147 | CERTIFICATE OF SERVICE of Motion to limit served on Eric M Eisenberg on 03/19/2025. Service was made by email. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 03/19/2025) |
| 03/19/2025 | 148 | CERTIFICATE OF SERVICE of Summons and Amended Complaint,. Service was made by email. Document filed by La Buca Restaurant, Inc., Mohamed John Akhtar.. (Iannarelli, Anthony) (Entered: 03/19/2025) |
| 03/19/2025 | 149 | MEMO ENDORSEMENT on re: 144 Letter filed by Mohamed John Akhtar, La Buca Restaurant, Inc. ENDORSEMENT: The document filed at ECF Nos. 126 and 129 is under permanent seal, and the Clerk of Court is directed to maintain the seals on those docket entries. A publicly available redacted version of the document was filed at ECF No. 143. (Signed by Magistrate Judge Valerie Figueredo on 3/19/2025) (rro) (Entered: 03/19/2025) |
| 03/19/2025 | 150 | LETTER MOTION to Reopen re: 149 Memo Endorsement, *to address inaccuracy in Memo Endorsement (D.I. 149) Stemming from False or Misleading Submission by Plaintiffs (D.I. 143)*, addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated March 19, 2025. Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 03/19/2025) |
| 03/20/2025 | 151 | AFFIRMATION of Anthony Iannarelli in Opposition re: 150 LETTER MOTION to Reopen re: 149 Memo Endorsement, *to address inaccuracy in Memo Endorsement* |

67

| | | |
|---|---|---|
| | | *(D.I. 149) Stemming from False or Misleading Submission by Plaintiffs (D.I. 143)*, addressed to Magistrate Judge Valerie Figuered from Eric M.. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 03/20/2025) |
| 03/20/2025 | 152 | LETTER MOTION to Compel Anthony N. Iannarelli, Jr. to withdraw as counsel in this matter *(and regarding false statement in Anthony N. Iannarelli Jr.'s "Amended Affidavit of Service" (D.I. 148) and regarding fabrication of this document* addressed to Magistrate Judge Valerie Figuered from Eric M. Eisenberg dated March 20, 2025. Document filed by Eric M. Eisenberg. (Attachments: # 1 Affidavit Eric Eisenberg). (Eisenberg, Eric) (Entered: 03/20/2025) |
| 03/20/2025 | 153 | CERTIFICATE OF SERVICE of Response with Affirmation of Service served on Eric M Eisenberg on 03/20/2025. Service was made by email. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 03/20/2025) |
| 03/20/2025 | 154 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Valerie Figuered from Eric M. Eisenberg dated March 20, 2025 re: 150 LETTER MOTION to Reopen re: 149 Memo Endorsement, *to address inaccuracy in Memo Endorsement (D.I. 149) Stemming from False or Misleading Submission by Plaintiffs (D.I. 143)*, addressed to Magistrate Judge Valerie Figuered from Eric M. *Eisenberg*. Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 03/20/2025) |
| 03/20/2025 | 155 | LETTER MOTION to Seal *Improperly Filed Document Containing Information Requiring Redaction (D.I. 125)* addressed to Magistrate Judge Valerie Figuered from Eric M. Eisenberg dated March 20, 2025., LETTER MOTION to Compel Plaintiffs to to, by a date certain, arrange with the Court Listener website to have D.I. 125 and D.I. 126, which contain the unlawfully-included birth date information, removed addressed to Magistrate Judge Valerie Figuered from Eric M. Eisenberg dated March 20, 2025. Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 03/20/2025) |
| 03/20/2025 | 156 | ORDER terminating 150 Letter Motion to Reopen. Plaintiffs filed a redacted copy of ECF No. 126 at ECF No. 143. Plaintiffs have not, however, filed a redacted copy of Plaintiff's corrected filing, which contains minor textual differences at pages 1 and 24, for example. See ECF No. 150. Plaintiffs are therefore directed to file a redacted copy of the version of the document filed at ECF No. 129 by Friday, March 28, 2025. The Clerk of Court is directed to terminate the motion at ECF No. 150. (Signed by Magistrate Judge Valerie Figuered on 3/20/2025) (rro) (Entered: 03/20/2025) |
| 03/20/2025 | 157 | LETTER MOTION to Compel Anthony N. Iannarelli, Jr. to withdraw as counsel in this matter *(and regarding false statements in March 18, 2025 email correspondence from Anthony N. Iannarelli Jr. and apparent election law violations)* addressed to Magistrate Judge Valerie Figuered from Eric M. Eisenberg dated March 20, 2025. Document filed by Eric M. Eisenberg. (Attachments: # 1 Affidavit - Accompanying Declaration of Eric M. Eisenberg, # 2 Exhibit Decl. Ex. 1 - March 18 2025 Email, # 3 Exhibit Decl. Ex. 2 - Florida Voter Lookup Webpage, # 4 Exhibit Decl. Ex. 3 - New York State Voter Lookup Webpage, # 5 Exhibit Decl. Ex. 4 - New York City Voter Lookup Webpage).(Eisenberg, Eric) (Entered: 03/20/2025) |

68

| 03/21/2025 | 158 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated March 21, 2025 re: 145 FIRST LETTER MOTION to Compel Eric M. Eisenberg to limit email letters to legal & factual issues *distrubing communications* addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 03/19/2025., 146 FIRST LETTER MOTION to Compel Eric M. Eisenberg to limit email letters, and other communications, to legal & factual issues ony addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 03/19/2025. *(and requesting such other and further relief against Iannarelli as is just and proper)*. Document filed by Eric M. Eisenberg. (Attachments: # 1 Affidavit - Accompanying Declaration of Eric M. Eisenberg (including Exhibit 1 - Noise Summonses filed by Non-Jewish Citizen against Swing 46)).(Eisenberg, Eric) (Entered: 03/21/2025) |
| --- | --- | --- |
| 03/21/2025 | 159 | MEMO ENDORSEMENT granting 155 Motion to Seal; granting 155 Motion to Compel. ENDORSEMENT: The Clerk of Court is directed to permanently seal ECF No. 125. Plaintiff is directed to file a redacted version of the document, redacting Defendant's date of birth on page 51 by April 1, 2025. The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 155. (Signed by Magistrate Judge Valerie Figueredo on 3/21/2025) (rro) (Entered: 03/21/2025) |
| 03/21/2025 | 161 | ORDER denying 136 Letter Motion to Compel; denying 136 Letter Motion to Substitute Attorney. ; terminating 145 Letter Motion to Compel; terminating 146 Letter Motion to Compel; terminating 152 Letter Motion to Compel; terminating 157 Letter Motion to Compel. Defendant is directed to respond to the amended complaint by April 9, 2025. Accordingly, the motion to disqualify counsel is DENIED. The Clerk of Court is respectfully directed to terminate the letter motions at ECF Nos. 145, 146, 152, and 157. SO ORDERED. (Signed by Magistrate Judge Valerie Figueredo on 3/21/2025) (sgz) (Entered: 03/24/2025) |
| 03/21/2025 | | Set/Reset Deadlines: Eric M. Eisenberg answer due 4/9/2025. (sgz) (Entered: 03/24/2025) |
| 03/23/2025 | 160 | Objection re: 141 Order, *PURSUANT TO FED.R.CIV.P. 72(A), AS TO AUTHORIZATION OF ALTERNATIVE SERVICE PURSUANT TO CPLR § 308(5)*. Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 03/23/2025) |
| 03/24/2025 | 162 | LETTER MOTION to Compel Plaintiffs Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club to CEASE AND DESIST FROM HARASSMENT, INTIMIDATION, DISRESPECT, DISCOURTESY, VIOLENCE, AND THREATS OF VIOLENCE TOWARDS THE UNDERSIGNED (AND SEEKING THE IMPOSITION OF MONETARY AND NON-MONETARY SANCTIONS AGAINST PLAINTIFFS AND FOR MY PROTECTION) addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated March 24, 2025. Document filed by Eric M. Eisenberg. (Attachments: # 1 Affidavit - Accompanying Declaration of Eric M. Eisenberg).(Eisenberg, Eric) (Entered: 03/24/2025) |
| 03/25/2025 | 163 | ORDER: As such, Defendant must still respond to the amended complaint, notwithstanding Defendant's pending objection to the Court's order. Defendant's deadline to respond to Plaintiffs' amended complaint is Wednesday, April 9, 2025. |

69

| | | |
|---|---|---|
| | | That is 21 days from the date of service on March 19, 2025 (see ECF No. 147). See Fed. R. Civ. P. 12(a). (Signed by Magistrate Judge Valerie Figueredo on 3/25/2025) (rro) (Entered: 03/25/2025) |
| 03/25/2025 | 164 | FIRST LETTER addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 03/25/2025 re: Case Conference. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 03/25/2025) |
| 03/25/2025 | 165 | LETTER addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 03/25/2025 re: Case Conference. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 03/25/2025) |
| 03/26/2025 | 166 | LETTER addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated March 26, 2025 re: Opposition / Response to Plaintiffs' March 25, 2025 Letters / Letter Motions (D.I. 164 and D.I. 165). Document filed by Eric M. Eisenberg.. (Eisenberg, Eric) (Entered: 03/26/2025) |
| 03/26/2025 | 167 | FIRST LETTER MOTION for Extension of Time to File Answer re: 104 Amended Complaint, *requesting 30 day extension of time*, addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated March 26, 2025. Document filed by Eric M. Eisenberg. (Attachments: # 1 Exhibit 1 - March 25 and 26, 2025, Email Chain with Plaintiffs' Counsel, # 2 Exhibit 2 - March 21 through 26, 2025, Email Chain with Plaintiffs' Counsel).(Eisenberg, Eric) (Entered: 03/26/2025) |
| 03/26/2025 | 168 | MEMO ENDORSEMENT on re: 165 Letter filed by Mohamed John Akhtar, La Buca Restaurant, Inc. ENDORSEMENT: Plaintiffs do not have to respond to Defendant's letter at this time. The Court will address the request made by Defendant Eisenberg at ECF No. 162. (Signed by Magistrate Judge Valerie Figueredo on 3/26/2025) (rro) (Entered: 03/26/2025) |
| 03/26/2025 | 169 | LETTER addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 03/26/2025 re: Clarification of Previous letter. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 03/26/2025) |
| 03/26/2025 | 170 | ORDER terminating 162 Motion to Compel. In any event, the Court is not persuaded by Defendant's videos that Plaintiffs' verbal conduct amounted to intimidation or coercion sufficient to warrant a prior restraint on speech. Moreover, it is worth noting that the conduct Defendant points to occurred in response to Defendant loitering outside of Swing 46 Jazz and Supper Club while taking video footage. See ECF No. 162-1 at paragraph 2-5. And in the videos, it appears that Defendant ignored requests for him to leave. Id. In short, there is no basis on this record for Defendant's request that the Court issue a cease and desist order or that the Court sanction Plaintiffs. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 162. (Signed by Magistrate Judge Valerie Figueredo on 3/26/2025) (rro) (Entered: 03/26/2025) |
| 03/26/2025 | 171 | Objection re: 170 Order on Motion to Compel,,, *PURSUANT TO FED.R.CIV.P. 72(A), AS TO THE MAGISTRATE JUDGES MARCH 26, 2025 WRITTEN ORDER (D.I. 170) IMPOSING NO MONETARY OR NON-MONETARY SANCTIONS AND NO INJUNCTIVE RELIEF WITH RESPECT TO PLAINTIFFS VIOLENCE, THREATS OF* |

| | | |
|---|---|---|
| | | *VIOLENCE, INTIMIDATION, HARASSMENT, DISRESPECT, AND DISCOURTESY.* Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 03/26/2025) |
| 03/27/2025 | 172 | MEMO ENDORSEMENT on re: 151 Affirmation in Opposition to Motion, filed by Mohamed John Akhtar, La Buca Restaurant, Inc. ENDORSEMENT: Plaintiffs were directed to file redacted versions of the sealed documents at ECF Nos. 126 and 129. ECF No. 140. The documents filed at ECF Nos. 126 and 129 are substantively the same. The only differences are minor textual differences, for example, in the dates on pages 1 and 24 of each document. On March 18, 2025, Plaintiff filed a redacted version of ECF No. 126. ECF No. 143. Because the documents at ECF Nos. 126 and 129 are substantively the same, Plaintiff's filing at ECF No. 143 satisfies Plaintiffs' obligation to file redacted versions of ECF Nos. 126 and 129. It is noted that the date on page 1 of ECF No. 143 should read "February 6, 2025," and the date on page 24 of ECF No. 143 should read "Feb18, 2025." (Signed by Magistrate Judge Valerie Figueredo on 3/27/2025) (rro) (Entered: 03/27/2025) |
| 03/27/2025 | 173 | AFFIRMATION of Anthony Iannarelli in Opposition re: 162 LETTER MOTION to Compel Plaintiffs Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club to CEASE AND DESIST FROM HARASSMENT, INTIMIDATION, DISRESPECT, DISCOURTESY, VIOLENCE, AND THREATS OF VIOLENCE TOWARDS THE UNDERSIGNED (AND S. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 03/27/2025) |
| 03/27/2025 | 174 | ORDER denying 167 Letter Motion for Extension of Time to Answer. Defendant's conduct has unnecessarily multiplied this proceeding. At a minimum, Defendant's myriad filings demonstrate that Defendant has ample time to respond to Plaintiffs' amended complaint by April 9, 2025. Defendant's request for a 30-day extension is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 167. (Signed by Magistrate Judge Valerie Figueredo on 3/27/2025) (rro) (Entered: 03/27/2025) |
| 03/27/2025 | 175 | LETTER addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 03/27/2025 re: receipt of email message. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 03/27/2025) |
| 03/27/2025 | 176 | REDACTION to 172 Memo Endorsement,,, *ECF 143 with corrected dates* by Mohamed John Akhtar, La Buca Restaurant, Inc..(Iannarelli, Anthony) (Entered: 03/27/2025) |
| 03/27/2025 | 177 | LETTER MOTION to Reopen re: 174 Order on Motion for Extension of Time to Answer, addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated March 27, 2025. Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 03/27/2025) |
| 03/27/2025 | 178 | RESPONSE re: 175 Letter . Document filed by Eric M. Eisenberg. (Attachments: # 1 Exhibit 1 - Email Chain Between Counsel).(Eisenberg, Eric) (Entered: 03/27/2025) |
| 04/02/2025 | 179 | MEMO ENDORSEMENT granting in part 177 Motion to Reopen. ENDORSEMENT: The relief requested herein is GRANTED in part. Defendant is directed to respond to the amended complaint by April 23, 2025. The Clerk of Court is respectfully directed |

| | | |
|---|---|---|
| | | to terminate the gavel at ECF No. 177. (Signed by Magistrate Judge Valerie Figueredo on 4/2/2025) (sgz) (Entered: 04/02/2025) |
| 04/02/2025 | | Set/Reset Deadlines: Eric M. Eisenberg answer due 4/23/2025. (sgz) (Entered: 04/02/2025) |
| 04/03/2025 | 180 | ORDER re: 171 Objection (non-motion), filed by Eric M. Eisenberg, 160 Objection (non-motion) filed by Eric M. Eisenberg. Defendant Eric M. Eisenberg objects to Magistrate Judge Figueredo's Orders at ECF Nos. 141 and 170, authorizing alternative service and denying Defendants motion for sanctions and injunctive relief regarding purported harassment and threats. ECF Nos. 160, 171. "Magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." In re Hulley Enterprises Ltd., 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) (internal citation and quotation marks omitted). The standard of review is "clearly erroneous or contrary to law." Id. In other words, to reject Judge Figueredo's decisions, this Court must find a "definite and firm conviction that a mistake has been committed," or find that a ruling "fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id. (cleaned up). The Court has reviewed the Orders, underlying motions, and objections, and finds neither firm conviction of a mistake nor a failure to apply relevant law. Judge Figueredo's decisions will remain undisturbed. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 4/3/2025) (ar) (Entered: 04/03/2025) |
| 04/03/2025 | 181 | MOTION to Dismiss *Amended Complaint Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6) and 12(b)(7)*. Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 04/03/2025) |
| 04/03/2025 | 182 | MEMORANDUM OF LAW in Support re: 181 MOTION to Dismiss *Amended Complaint Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6) and 12(b)(7)*. . Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 04/03/2025) |
| 04/03/2025 | 183 | DECLARATION of Eric M. Eisenberg in Support re: 181 MOTION to Dismiss *Amended Complaint Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6) and 12(b)(7)*.. Document filed by Eric M. Eisenberg. (Attachments: # 1 Exhibit 1 - Summons Images as Retrieved from Public OATH Database, # 2 Exhibit 2 - Summons Status Summaries as Retrieved from Public OATH Database).(Eisenberg, Eric) (Entered: 04/03/2025) |
| 04/15/2025 | 184 | LETTER MOTION for Extension of Time addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/15/2025. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 04/15/2025) |
| 04/15/2025 | 185 | CERTIFICATE OF SERVICE of Letter Motion for Extension of Time on 04/15/2025. Service was made by email. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 04/15/2025) |
| 04/15/2025 | 186 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated April 15, 2025 re: 184 LETTER MOTION for Extension of Time addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/15/2025. . Document filed by Eric M. Eisenberg..(Eisenberg, Eric) |

|  |  | (Entered: 04/15/2025) |
|---|---|---|
| 04/16/2025 | 187 | ORDER granting 184 Motion for Extension of Time. Plaintiff is directed to file an opposition to the motion to dismiss by Friday, April 25, 2025. Defendant's reply, if any, is due Friday, May 2, 2025. This resolves the motion at ECF No. 184. SO ORDERED.. (Signed by Magistrate Judge Valerie Figueredo on 4/16/2025) (ks) (Entered: 04/16/2025) |
| 04/16/2025 |  | Set/Reset Deadlines: Responses due by 4/25/2025 Replies due by 5/2/2025. (ks) (Entered: 04/16/2025) |
| 04/25/2025 | 188 | DECLARATION of Anthony Iannarelli in Opposition re: 181 MOTION to Dismiss *Amended Complaint Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6) and 12(b)(7)*.. Document filed by La Buca Restaurant, Inc.. (Attachments: # 1 Exhibit A. Violation copy, # 2 Exhibit B. Declartion of Mohammed J. Aktar, # 3 Exhibit C. Declaration of Michelle Collier, # 4 Exhibit D. Declaration of Howard Fredrics). (Iannarelli, Anthony) (Entered: 04/25/2025) |
| 04/25/2025 | 189 | RESPONSE in Opposition to Motion re: 181 MOTION to Dismiss *Amended Complaint Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6) and 12(b)(7)*. . Document filed by La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 04/25/2025) |
| 04/25/2025 | 190 | CERTIFICATE OF SERVICE of Response in Oppostion to Motion served on Eric M Eisenberg on 04/25/2025. Service was made by email. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 04/25/2025) |
| 05/02/2025 | 191 | REPLY MEMORANDUM OF LAW in Support re: 181 MOTION to Dismiss *Amended Complaint Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6) and 12(b)(7)*. . Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 05/02/2025) |
| 07/08/2025 | 192 | LETTER addressed to Judge Jessica G. L. Clarke from Eric M. Eisenberg dated July 8, 2025 re: citation of City Noise (1930) Report in Reply Brief (D.I. 191) (alternately directed to Magistrate Judge Figueredo - if applicable). Document filed by Eric M. Eisenberg. (Attachments: # 1 Exhibit - New York Citys City Noise, Noise Abatement Commission Report, Department of Health, New York City (1930) - Cited Pages and Cover/Title Pages).(Eisenberg, Eric) (Entered: 07/08/2025) |
| 07/10/2025 | 193 | LETTER addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 07/10/2025 re: Response to Informational Letter. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 07/10/2025) |
| 07/10/2025 | 194 | LETTER addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 07/10/2025 re: Response to Informational Letter. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 07/10/2025) |
| 08/22/2025 | 195 | MANDATE of USCA (Certified Copy) as to 92 Notice of Appeal filed by Mohamed John Akhtar USCA Case Number 24-2370. Appellants, through counsel, move to withdraw the appeal as to Appellee Eisenberg and to partially redact their withdrawal motion. Appellee Eisenberg, proceeding pro se, moves to vacate this Court's February |

| | | |
|---|---|---|
| | | 7, 2025, order reinstating the appeal. After conducting its own review, this Court has determined that it lacks jurisdiction over the appeal because the district court has not issued a final order as contemplated by 28 U.S.C. § 1291. See Petrello v. White, 533 F.3d 110, 113 (2d Cir. 2008). Upon due consideration, it is hereby ORDERED that the appeal is DISMISSED. It is further ORDERED that Appellants' redaction motion is DENIED because Appellants admit that the information they seek to redact is already publicly available. See Gambale v. Deutsche Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 8/22/2025.(km) (Entered: 08/22/2025) |
| 08/22/2025 | | Transmission of USCA Mandate/Order to the District Judge re: 195 USCA Mandate. (km) (Entered: 08/22/2025) |
| 09/12/2025 | 196 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** FIRST MOTION permission to use CMECF for filing . Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) Modified on 9/12/2025 (lb). (Entered: 09/12/2025) |
| 09/12/2025 | 197 | CERTIFICATE OF SERVICE of Letter served on Eric M Eisenberg & Counsel for NYC Defendants on 09/05/2025 & 09/12/2025. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 09/12/2025) |
| 09/12/2025 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Anthony Nicholas Iannarelli to RE-FILE Document 196 FIRST MOTION permission to use CMECF for filing .. Use the event type Letter found under the event list Other Documents. (lb) (Entered: 09/12/2025)** |
| 09/12/2025 | 198 | **FILING ERROR - DEFICIENT DOCKET ENTRY (letter date does not match entry) -** LETTER addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 9/05/2025 re: Allow use CMECF for further communications. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc.. (Attachments: # 1 Exhibit emails).(Iannarelli, Anthony) Modified on 9/12/2025 (db). as per ECF-ERROR Email Correspondence Received on 9/12/2025 @ 3:30pm. (Entered: 09/12/2025) |
| 09/15/2025 | 199 | LETTER addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 09/03/2025 re: permission to use CM ECF as an alternative to email to defendant E. Eisenberg. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc.. (Attachments: # 1 Exhibit email correspondence).(Iannarelli, Anthony) (Entered: 09/15/2025) |
| 09/16/2025 | 200 | CERTIFICATE OF SERVICE of affirmation of service of letter served on Eric M Eisenberg & Counsel for NYC Defendants on 09/15/2025. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 09/16/2025) |
| 09/17/2025 | 201 | LETTER addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated September 17, 2025 re: RESPONSE AS TO PLAINTIFFS SEPTEMBER 3, 2025 LETTER AND ACCOMPANYING DOCUMENTS (D.I. 196 THROUGH 200). Document filed by Eric M. Eisenberg. (Attachments: # 1 Exhibit 1 - Bifurcated Email Chain Part 1, # 2 Exhibit 2 - Bifurcated Email Chain Part 2, # 3 Exhibit 3 - Separate |

| | | |
|---|---|---|
| | | Complete Email Chain).(Eisenberg, Eric) (Entered: 09/17/2025) |
| 10/21/2025 | 202 | LETTER addressed to Magistrate Judge Valerie Figueredo from Eric M. Eisenberg dated October 21, 2025 re: CITATION OF OATH DECISIONS IN MOVING BRIEF (D.I. 182) (alternately directed to Judge Clarke if applicable). Document filed by Eric M. Eisenberg. (Attachments: # 1 Exhibit A - OATH Appeal 2300439 Detering v Westhouse, # 2 Exhibit B - OATH Appeal 1300125 NYC v M-R La Casa Delos Hits). (Eisenberg, Eric) (Entered: 10/21/2025) |
| 11/03/2025 | 203 | REPORT AND RECOMMENDATION re: 181 MOTION to Dismiss *Amended Complaint Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6) and 12(b)(7).* filed by Eric M. Eisenberg. For the foregoing reasons, I respectfully recommend that the motion to dismiss be GRANTED and all claims be dismissed with prejudice. Objections to R&R due by 11/17/2025 (Signed by Magistrate Judge Valerie Figueredo on 11/3/2025) (rro) (Entered: 11/03/2025) |
| 11/15/2025 | 204 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - FIRST MOTION for Report and Recommendations** . Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc.. (Attachments: # 1 Supplement Afffirmation of Service).(Iannarelli, Anthony) Modified on 11/18/2025 (db). (Entered: 11/15/2025) |
| 11/15/2025 | 205 | CERTIFICATE OF SERVICE of Opposition to Report & Recommendation served on Eric M Eisenberg & Counsel for NYC Defendants on 11/15/2025. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 11/15/2025) |
| 11/18/2025 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Anthony Nicholas Iannarelli to RE-FILE Document 204 FIRST MOTION for Report and Recommendations . Use the event type Objection to Report and Recommendations found under the event list Other Answers. (db)** (Entered: 11/18/2025) |
| 11/20/2025 | 206 | OBJECTION to 203 Report and Recommendations Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc.. (Attachments: # 1 Affidavit Afffirmation of Service).(Iannarelli, Anthony) (Entered: 11/20/2025) |
| 03/23/2026 | 207 | ORDER ADOPTING REPORT AND RECOMMENDATION for 203 Report and Recommendations, 181 Motion to Dismiss filed by Eric M. Eisenberg. The Court finds the Report and Recommendation to be well-reasoned and grounded in fact and law, and ADOPTS it in its entirety. As such, the motion to dismiss is GRANTED and the Amended Complaint is DISMISSED with prejudice. The Clerk of Court is respectfully directed to terminate ECF No. 181 and close the case. (Signed by Judge Jessica G. L. Clarke on 3/23/2026) (ar) (Entered: 03/23/2026) |
| 04/21/2026 | 208 | NOTICE OF APPEAL from 85 Order Adopting Report and Recommendations, Set Deadlines,,,,,, 207 Order Adopting Report and Recommendations,,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc.. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Iannarelli, Anthony) (Entered: 04/21/2026) |

75

| 04/21/2026 | 209 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - NOTICE OF APPEAL TO THE FEDERAL CIRCUIT from 85 Order Adopting Report and Recommendations, Set Deadlines,,,,,,. Form 7 and Form 22 are due within 14 days. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc... (Iannarelli, Anthony) Modified on 4/22/2026 (tp). (Entered: 04/21/2026) |
| 04/21/2026 | 210 | CERTIFICATE OF SERVICE of Notice of Appeal & Acknowledgment & Notice of Appearance served on Eric M Eisenberg & Counsel for NYC Defendants on 04/21/2026. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc... (Iannarelli, Anthony) (Entered: 04/21/2026) |
| 04/21/2026 | | Appeal Fee Due: for 208 Notice of Appeal. Appeal fee due by 5/5/2026. (tp) (Entered: 04/22/2026) |
| 04/22/2026 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 208 Notice of Appeal. (tp) (Entered: 04/22/2026) |
| 04/22/2026 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 208 Notice of Appeal, filed by Mohamed John Akhtar, La Buca Restaurant, Inc. were transmitted to the U.S. Court of Appeals. (tp) (Entered: 04/22/2026) |
| 04/22/2026 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Anthony Nicholas Iannarelli to RE-FILE Document 209 Notice of Appeal to the Federal Circuit. Use the event type Notice of Appearance found under the event list Notices Only if the Notice of Appearance needs to be filed with the District Court, otherwise contact the Second Circuit if the document needs to be filed there. (tp) (Entered: 04/22/2026) |
| 04/22/2026 | | Appeal Fee Payment: for 208 Notice of Appeal,. Filing fee $ 605.00, receipt number ANYSDC-32738506..(Iannarelli, Anthony) (Entered: 04/22/2026) |

### PACER Service Center

#### Transaction Receipt

| 05/04/2026 15:22:33 | | | |
|---|---|---|---|
| PACER Login: | iannarelli | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:23-cv-06585-JGLC-VF |
| Billable Pages: | 26 | Cost: | 2.60 |