# UNITED STATES COURT of APPEALS
## FOR THE SECOND CIRCUIT

| | |
|---|---|
| **Mohamed Sohel Akhtar, a/k/a Mohamed John Akhtar, La Buca Restaurant, Inc., d/b/a Swing 46 Jazz and Supper Club,** <br> **Plaintiffs** <br> **v.** <br><br> **Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric M. Eisenberg, and Jane Does 1-30 and John Does 1-30,** <br> **Defendants.** | Case No. 26-1096 <br><br> Appellants' Response in Opposition to Appellee Eric M. Eisenberg's Motion to Compel |

Anthony N. Iannarelli Jr., of full age and the attorney for Appellants herein, affirm under the penalty of perjury to the following:

1. I offer this Response in Opposition to Appellee Eric M. Eisenberg's Motion to Compel, dated May 20, 2026. I offer a general denial of the allegations therein and provide a further explanation as follows:

2. Firstly, Mr. Eisenberg already has in his possession Appellants' Amended Draft Appendix. Exhibit 1. It is titled "Amended" because it has gone through, and admittedly, needed corrections over the last several days.

3. On Thursday, May 28, 2026, I requested that Mr. Eisenberg withdraw his motion out of a lack of necessity (it never was necessary in the first place). On the

1

same day, I received a response from Mr. Eisenberg that has contributed to a delay, if actually any, resulting from Mr. Eisenberg's own behaviors. In that response, Mr. Eisenberg used a foul epithet and called me an anti-Semite. Exhibit 2.

4. For me, to be referred to with such an epithet that is false, vile, and extremely offensive, is very hurtful. My feelings have been communicated to Mr. Epstein, yet he continues. I would hope that it would have no place in communications between lawyers, but apparently it does for Mr. Eisenberg.

5. What Mr. Eisenberg does not mention is that since the Appellant's Appeal herein had been filed, Mr. Eisenberg has referred to me as an anit-Semite at least one-half dozen times. I advised Mr. Esenberg that the first order of business should be the cessation of highly abusive and offensive language he has hurled at me. He ignored my request, and then filed his Motion herein. Exhbit 3.

6. This is a familiar tactic utilized by Mr. Eisenberg. Ultimately, the District Dourt came to address it in an Order dated March 27, 2025. Exhibit 4. In that Order, Magistrate Judge Valerie Figueredo took note of the fact that he made 15 docket filings in 26 days, in some cases "multiple filings in a single day." *id*. at 2. This is not a typographical error in numbers; it is factual. Normally, regardless of the court, 15 filings in 26 days would be unfathomable.

7. Many of the filings were postured at me, with one seeking to have me removed from my client's case, for which Magistrate Figueredo Judge declared to be "meritless." Magistrate Judge Figueredo further opined that "...Defendant...who is a practing attorney..."[was] attempting to invoke the Court's jurisdiction to seek affirmative relief, in the form of motions to compel and sanctions." *Id*.

2

8. In addition to being subjected to disturbing epithets, Mr. Eisenberg has also made suggestions that he will be seeking sanctions in this Court as well. Exhibit 3.

9. Mr. Eisenberg justification for using the anti-Semitic epithets is unconvincing and utterly without merit. He has had the benefit of numerous witness statements detailing his actions, which ultimately resulted in the lawsuit herein. When his false allegations surfaced previously, I conducted a review of the file and could find not a single item that would suggest he is being "targeted." The lawsuit was, and continues to be, over his conduct towards others.

10. The fact Mr. Eisenberg's allegations over the purpose of the lawsuit were not supported by evidence, did not discourage him one bit. Ultimately, his conduct had to be addressed in an Order issued by Magistrate Judge Figueredo dated March 26, 2025. Exhibit 5. In this instance, and while the case was actually in progress in District Court, Mr. Eisenberg went to Appellants' place of business, and, according to witnesses, created a disturbance.

11. Mr. Eisenberg later filed a Motion seeking sanctions against Appellants. In that Order, Magistrate Judge Figueredo's made a finding that "...the conduct Defendant points to occurred in respose to Defendant loitering outside of Swing 46 Jazz and Supper Club..." id. at 2. The significance of the Order is that the Judge made a finding the purported reasons for Mr. Eisenberg seeking sanction were of his own making, and moreover, the facts point out that Mr. Eisenberg sought out Appellants while the case was actually ongoing in District Court.

12. More significantly, Mr. Eisenberg, in pointing to evidence of his own creation, attempted to communicate, or interact, with an individual that was represented by

3

counsel. He did this without my knowledge, and certainly without Swing 46's owner, Mohammed Akhtar's, consent. Magistrate Judge made a further finding that "… it appears that defendant ignored requests for him to leave. " *id*.

13. If the foregoing events had not been reduced to actual Orders, it would describe conduct that would be hard to imagine. Yet once again, it is being attempted in this Court with his Motion herein. In other words, Mr. Eisenberg is creating events of his own making, and carrying out threats to file motions.

14. Appellee Eric Eisenberg's Motion to Compel should be denied in its entirety. It was unnecessary and patently frivolous from the beginning. While I understand Mr. Eisenberg is *pro se,* still, he is an attorney and presumably aware of the rules of decorum.

15. I may make errors, but never intentionally, and once discovered, I endeavor to make corrections. I can only hope that Mr. Eisenberg would refrain from the use of harmful and hurtful epithets, along with threats of unnecessary motions for sanctions. I am only empowered to ask, but whatever the circumstances, I will continue to represent Appellants to the best of my abilities in a fair and decent manner.

I affirm to the truth of the foregoing and am aware that I can be subject to punishment for any statement knowingly made false.

Dated: May 29, 2026

Anthony N. Iannarelli Jr.
Attorney for Appellants

# Exhibit 1

Appellants' Amended Draft Appendix

MOHAMED JOHN AKHTAR AND LA BUCA RESTAURANT, INC., Plaintiffs, against ROHIT AGGARWALA et al., Defendants.
Civil Act. No.   23-CV-06585 (JGLC) (VF)

|  |  | Docket # |
|---|---|---:|
| 1. | Plainitffs' Complaint | 1 |
| 2. | Defendant Eric Eisenbreg Motion to Dismiss 12(b)1 et al. | 24 |
| 3. | Reply Affidavit of John Akhtar's in Opposition to Dismiss | 34 |
| 4. | Order of Reference to Magistrate Judge | 40 |
| 5. | NYC Defendants' Motion to Dismiss | 41 |
| 6. | Order granting Stay of Discovery | 47 |
| 7. | Plaintiffs' Reply Affirmation in Opposition to Dismiss | 67 |
| 8. | Reply Affrimation of Eric Eisenberg Motion to Dismiss | 69 |
| 9. | Report and Recommendation of Magistrate Judge | 72 |
| 10. | Plaintiffs' Response in Opposition to Dismiss | 75 |
| 11. | Plaintiffs' Objection to Report and Recommendation | 76 |
| 12. | District Court's Order of 08/19/2024 Adopting Report and Recommendation to Dismiss | 85 |
| 13. | Notice of Appeal to Order Adopting Recommendation to Dismiss | 92 |
| 14. | Notice for Permission to File Interlocutory Appeal | 94,95 |
| 15. | Plaintiffs' Amended Complaint | 104 |
| 16. | Defendant Eric Eisenberg's Motion to Dismiss | 181 |
| 17. | Plaintiffs' Response in Opposition to Motion to Dismiss | 188, 189 |
| 18. | Report and Recommendation of Magistrate Judge | 203 |
| 19. | District Court's Order of 03/23/2026 | 207 |
| 20. | Magistrate Judge's Order of May 26, 2025 | 170 |
| 21. | Magistrate Judge's Order of May 27, 2025 | 174 |
| 22. | Notice of Appeal | 208 |

Exhibit 2



Case: 26-1096, 05/29/2026, DktEntry: 37.1, Page 8 of 19

Gmail

Search mail

Compose

Inbox 20,450
Starred
Snoozed
Important
Sent
Drafts 452
Purchases 274
Social 2,862
Updates 8,093
Forums 576
Promotions 7,586
More

Labels

Assigned Counsel
Notes
Personal
Singing Lessons 1
More

Upgrade

Anthony, Please also note, that without this date, there is no way that I can begin to assess the appropriateness of withdrawing my appendix-related motion. Bes

**Anthony Iannarelli** <anilaw2@gmail.com>
to Eric, Jeremy

Thu, May 28, 8:34 PM (15 hours ago)

Dear Mr. Eisenberg, I have provided you with Appellant's Appendix that is very specific as to the documents that will be utilized by Appellants. There is nothing "piecemeal" over what has been presented, or what I have said. I had hoped for a collaborative approach that would provide flexibility for a joint appendix. Collaboration and flexibility might call for additions. If that concept is rejected by you, so be it.

It is your choice whether to go forward with your motion. But the record supports the fact that it is entirely unnecessary and I will oppose it.

...

**Eric Eisenberg**

Thu, May 28, 8:37 PM (15 hours ago)

Anthony, Are you confirming that plaintiffs' "draft appendix" is their final designation, that all those documents will be included in the appendix, and that no

**Eric Eisenberg**
to me, Jeremy

Thu, May 28, 8:39 PM (15 hours ago)

Anthony,

Additionally, I remind you once again: stop addressing me as Mr. Eisenberg. You can use Eric, Sir, Counsel, or Colleague. I am happy to consider other proposals for addressing me you may have.

I have repeatedly explained to you that I find your directly addressing me by my Jewish last name as triggering, given my understanding, based on your repeated and insistent and harrassing and discriminatory behavior, that you are an antisemite.

Best,
Eric

...

Reply    Reply all    Forward

Exhibit 3

Case: 26-1096, 05/29/2026, DktEntry: 37.1, Page 10 of 19



Safari   File   Edit   View   History   Bookmarks   Develop   Window   Help                              Mon May 18  2:04 PM

mail.google.com

AGAZnRo10t:0RNMCqOzxwZEiKnizFeJR22iKXnAnsg/JhQ3uQNBGZZ1_5WL7Wg6WbOufD6Pxc;Qk_807srP...

≡  M Gmail          Q   Search mail

11 of 20,243   ‹   ›

**E**  **Eric Eisenberg**                                                                                    May 12, 2026, 12:27 PM (6 days ago)   ☆
Anthony. You are continuing to do it. We have already discussed that you may directly address me as Eric, Sir, Counsel, etc. But thank you for confirming that y

**E**  **Eric Eisenberg**                                                                                    12:03 PM (2 hours ago)   ☆  ☺  ↩  ⋮
to me, (shweder ▾

Dear Anthony,

Please indicate, by tomorrow (Tuesday, May 19th) at the latest, the materials plaintiffs will be including in the appendix. Alternately, please let me know, again by tomorrow, whether plaintiffs consent to or oppose a motion requiring them to so-indicate.

Thank you kindly,
Eric
(Anthony - you can directly address me as Eric, Sir, or Counsel. Please do not directly address me by my Jewish last name, i.e. "Mr. Eisenberg". This request does not apply to Mr. Shweder, who I have no reason to suspect of antisemitism).

...

[ I will! ]   [ Yes, I approve. ]   [ No, I will not. ]

( ↩ Reply )   ( ↩ Reply all )   ( → Forward )   ☺

Case: 26-1096, 05/29/2026, DktEntry: 37.1, Page 11 of 19



Gmail    ericnoise@hotmail.com

Attorney Registra...

**Eric Eisenberg**
to me, jshweder

May 12, 2026, 12:27 PM (5 days ago)

Anthony,

You are continuing to do it. We have already discussed that you may directly address me as Eric, Sir, Counsel, etc. But thank you for confirming that you so enjoy harassing Jews. I will evaluate my options with respect to same.

There is nothing offensive about calling an anti-semite an anti-semite. That is called speaking the truth. And you have made it clear that you are a deliberate anti-semite.

Best,
Eric

...

I agree with you.    Great!    Enjoy!

Reply    Reply all    Forward



Case: 26-1096, 05/29/2026, DktEntry: 37.1, Page 12 of 19

to me, jshweder ▾

6 of 86  ‹  ›

Anthony,

Your ad hominem and effectively irrelevant attacks against me, in response to my raising concerns to you about you misleading the Second Circuit and you refusing to directly agree to correct the problem by a date certain, are not well taken.

In addition, as we have discussed and as I have written on numerous previous occasions, it is my understanding and belief that you, Anthony, based on your discriminatory behavior and harassment in this case, including deliberate targeting of only a Jewish person for this baseless lawsuit and not a similarly situated non-Jew, are an antisemite. Accordingly, as I have repeatedly requested, Anthony, please stop addressing me by my Jewish last name, which I find triggering coming from you. I do not understand what is so difficult about you complying with this simple request, unless you are purposely trying to harass me based on my religious and ethnic identity. Your behavior, of course, would not be out of character if you are, indeed, as I believe, an antisemite attempting to harrass a Jewish person.

Sincerely,
Eric

···

Ⓐ  **Anthony Iannarelli** <anilaw2@gmail.com>
to jshweder, Eric ▾

May 12, 2026, 12:18 PM (5 days ago)  ☆  ☺  ↩  ⋮

Dear Mr. Eisenberg, Your allegations that this case arises from anti-Semitism are categorically false and without merit, nor any basis in fact. Once again, you have engaged in behavior that is offensive and hurtful, and I note that you are making these allegations while copying counsel for NYC Appellees. As such, the allegations are defamatory and libelous, and they must stop.

I again refer you to Magistrate Judge Figueredo's Order of March 26, 2025 in which she stated you have made 15 filings within the last 26 days. (I mistakenly said 26 in about month, but, in truth, between your docket filing and emails, many of which were very offensive, I've lost count.) The judge stated that you made a "meritless" motion to compel Plaintiffs' counsel to withdraw. Whatever your motivations, I will not withdraw from representing my clients.

Note also Magistrate Judge Figueredo's Order of March 27, 2025, in that the judge referred to your behavior as "loitering" and refused requests "to leave." These are findings of a judge, not "mere" witnesses, and now part of the official record. Shockingly, this incident occurred after this very lawsuit had been filed. According to witnesses, you continued to return and engage in disruptive behavior ignoring repeated requests to leave.

The fact that you would claim this has anything to do with anti-Semitism is despicable.

I have reviewed your attorney registration, and you self-identify as Eric Mitchell Eisenberg, with an address on 46th Street, NY. NY. (See attached.) It is this name that you are referred to in this lawsuit, and while you will be accorded, out of respect, the salutation of Mr. Eisenberg, this is how you will be addressed.

As I have asked numerous times in the past, stop directing false allegations of anti-Semitism at me.

↩ Reply     ↩ Reply all     ↪ Forward     ☺



Case: 26-1096, 05/29/2026, DktEntry: 37.1, Page 13 of 19

Gmail     ericnoise@hotmail.com

**Eric Eisenberg**
to me, jshweder

May 8, 2026, 2:52 PM (9 days ago)

Anthony,

Again, you are refusing to provide a date by which you will correct your explicit misrepresentations and refusing to indicate whether or not your corporate client still exists. You do so despite your prior representations that you would keep the parties informed with respect to the status of your corporate client. And instead you are bringing up, I believe irrelevant-to-this, matters involving your client physically assaulting me.

And you are also refusing to meet and confer regarding the issues raised in this email chain.

It this appears a motion for sanctions has become necessary. I inquire whether you will consent to sanctions being issued against you based on your conduct as to these issues?

Best regards,
Eric

...

**Anthony Iannarelli** <anilaw2@gmail.com>
to Eric, jshweder

May 11, 2026, 11:36 AM (6 days ago)

Dear Mr. Eisenberg, There is no reason for the imposition of sanctions. I suggest you review the Orders of the magistrate judge again before you begin to threaten sanctions as a weapon against the attorney of a party opponent. That behavior was noted by the magistrate, and, besides making threats by invoking the authority of the court, she also noted something about 26 filings you made within about a month?
I also have kept a collection of your disturbing, vile, name calling, and sometimes intimidating emails you've sent me. I can also append them to any response I have to make in opposition to any new motion for sanctions. My responses have always been to oppose, but I do not believe that once I filed a cross-motion for sanctions. That is how I am, but I have a legitimate concern my patience is viewed as a sign of weakness? It is not.
I acknowledge I make mistakes, and once brought to my attention, I will endeavor to correct them as expeditiously as possible. I appreciate and accept constructive criticism; threats I do not. So I suggest the "reset" button be hit and we go about this as we are expected consistent with the rules of professional responsibility.
I have advised you as to the operational status of Swing 46 and corrected my errors as to dismissal of counts of the complaint by the district court. Now is there anything, for the time being, I can assist you with?
Thank you. Anthony Iannarelli

...

Reply    Reply all    Forward

Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MOHAMED JOHN AKHTAR AND LA BUCA
RESTAURANT, INC.,

                              Plaintiffs,                    **23-CV-06585 (JGLC) (VF)**

          -against-                                **ORDER**

ROHIT AGGARWALA et al.,

                           Defendants.
-------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On March 26, 2025, Defendant Eric M. Eisenberg filed a motion for an extension of time to answer. ECF No. 167. Defendant argues that an extension is warranted for five reasons: (1) Defendant did not request an extension to respond to the original complaint; (2) Plaintiffs exhibited dilatory conduct in filing and serving the amended complaint; (3) Defendant's objection to the Court's order authorizing e-mail service is pending before Judge Clarke; (4) Defendant is "exhausted, largely due to Plaintiffs' conduct"; and (5) Defendant has "time consuming work in the patent space" in his capacity as an attorney. Id. at 1-3. It is within the sole discretion of the Court whether to grant an extension of time. See, e.g., Wood v. Mut. Redevelopment Houses, Inc., No. 22-CV-9493 (AT) (VF), 2024 WL 4164485, at *3 (S.D.N.Y. Sept. 12, 2024) (citing Adu Beniako v. Maimonides Med. Ctr., 8 F. App'x 43, 44 (2d Cir. 2001) (summary order)); see also Winkler-Koch Eng'g Co. v. Universal Oil Prods. Co. (Del.), 79 F. Supp. 1013, 1021 (S.D.N.Y. 1947) (denying request for an extension of time to file answer).

In the last 26 days—that is, between March 1, 2025, and the date of this order—Defendant has filed 15 letters or motions on the docket. See ECF Nos. 134, 136, 137, 139, 150, 152, 154, 155, 157, 158, 160, 162, 166, 167, 171. On several occasions, Defendant has filed

multiple filings in a single day. <u>See, e.g.</u>, ECF No. 154, 155, 157. These filings have ranged from a meritless motion to compel Plaintiffs' counsel to withdraw (<u>see</u> ECF Nos. 136, 152, 157, 161) to letters correcting typos in Plaintiffs' filings and pointing out that Plaintiffs' counsel selected the wrong caption for a letter-motion on the Court's electronic case filing system. <u>See, e.g.</u>, ECF No. 154 at 2 (noting that Plaintiffs' counsel mistakenly dated a filing "March 20, 2024"); ECF No. 166 (noting that the document description for Plaintiffs' filing at ECF No. 165 inaccurately indicates the filing is a "letter," when it is actually a "letter-motion"). Moreover, Defendant, who is a practicing attorney, (<u>see, e.g.</u>, ECF No. 143 at 32; ECF No. 167 at 3), has unreasonably continued to fight service of the amended complaint despite being plainly aware of the action and attempting to invoke the Court's jurisdiction to seek affirmative relief, in the form of a motions to compel and for sanctions (<u>see</u> ECF No. 162).

Defendant's conduct has unnecessarily multiplied this proceeding. At a minimum, Defendant's myriad filings demonstrate that Defendant has ample time to respond to Plaintiffs' amended complaint by **April 9, 2025**. Defendant's request for a 30-day extension is **DENIED**. The Clerk of Court is directed to terminate the motion at ECF No. 167.

**SO ORDERED.**

DATED: New York, New York
    March 27, 2025

              _____
              VALERIE FIGUEREDO
              United States Magistrate Judge

Exhibit 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

MOHAMED JOHN AKHTAR AND LA BUCA
RESTAURANT, INC.,

                                    Plaintiffs,                          **23-CV-06585 (JGLC) (VF)**

                    -against-                                            **ORDER**

ROHIT AGGARWALA et al.,

                                    Defendants.

----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On March 24, 2025, Defendant Eric M. Eisenberg filed a motion requesting that the

Court direct Plaintiffs "to cease and desist from harassment, intimidation, disrespect, discourtesy,

violence, and threats of violence towards" Defendant, and that the Court "impose monetary and

non-monetary sanctions against Plaintiffs." ECF No. 162 at 1. Defendant appears to be seeking a

cease-and-desist order, barring Plaintiff from engaging in certain conduct, such as verbally

communicating with Defendant, even when Defendant is on or near the premises of Plaintiff

restaurant, La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club. Id.

As depicted in what appear to be cellphone videos submitted by Defendant, Defendant

complains of verbal conduct that can generally be characterized as use of profanities and

taunting. ECF 162-1 at ¶¶ 2, 3, 5. Defendant therefore asks the Court for an order prohibiting

speech. "Injunctions prohibiting speech are . . . disfavored because they impose a prior restraint

on speech, and a prior restraint carries with it 'a heavy presumption against its constitutional

validity.'" Gaming Mktg. Sols., Inc. v. Cross, No. 07-CV-4624 (RJS), 2008 WL 858183, at *5

(S.D.N.Y. Apr. 1, 2008) (quoting Metro. Opera Ass'n, Inc. v. Local 100, Hotel Empls. And Rest.

Empls. Int'l Union, 239 F.3d 172, 176 (2d Cir. 2001). While extraordinary circumstances, such

as intimidation or coercion, may warrant a restraint on speech, "current First Amendment principles may [still] prohibit granting an injunction even when [intimidation and coercion] are present." Metro. Opera Ass'n, Inc., 239 F.3d at 177. In any event, the Court is not persuaded by Defendant's videos that Plaintiffs' verbal conduct amounted to intimidation or coercion sufficient to warrant a prior restraint on speech.

Moreover, it is worth noting that the conduct Defendant points to occurred in response to Defendant loitering outside of Swing 46 Jazz and Supper Club while taking video footage. See ECF No. 162-1 at ¶¶ 2-5. And in the videos, it appears that Defendant ignored requests for him to leave. Id. In short, there is no basis on this record for Defendant's request that the Court issue a cease and desist order or that the Court sanction Plaintiffs.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 162.

**SO ORDERED.**

DATED:     New York, New York
           March 26, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

2